UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  11-CR-20350-LENARD/O'SULLIVAN(s)(s)

UNITED STATES OF AMERICA

v.

MATTHEW ANDREW CARTER,
a/k/a "William Charles Harcourt,"
a/k/a "Bill Carter,"

        **Defendant.**
_____/

**UNITED STATES' MOTION *IN LIMINE* TO ADMIT EVIDENCE OF THE DEFENDANT'S LEGAL NAME CHANGE PURSUANT TO FED. R. EVID. 404(b)**

The United States of America, by and through the undersigned government attorneys, files this Motion *in Limine* seeking leave pursuant to Federal Rule of Evidence 404(b) to introduce evidence at trial that the Defendant legally changed his name in 1990 from William Charles Harcourt to Matthew Andrew Carter.

Specifically, the United States seeks to introduce one document showing that on April 5, 1990, the Defendant filed an application to change his name to "Matthew Andrew Carter," in the Probate Court of Franklin County, Ohio, and a second document showing that on May 17, 1990, the Franklin County Probate Court ordered the Defendant's name legally changed to "Matthew Andrew Carter."  This evidence is properly admissible under Rule 404(b) as evidence of the Defendant's identity.[1]

---

[1] On March 13, 2012, the United States filed notice of its intent to introduce evidence of the Defendant's legal name change pursuant to Rule 404(b).  *See* D.E. 89 at 8.  That notice included additional evidence, not discussed in the instant motion.  By not including all of the previously noticed evidence in this motion, the United States does not withdraw its intent to introduce that evidence at trial, either in its case-in-chief or in rebuttal.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Defendant Matthew Andrew Carter, a/k/a "William Charles Harcourt," a/k/a "Bill Carter," (hereinafter, "the Defendant"), a United States citizen, is charged with traveling (Counts 1 through 5) and attempting to travel (Count 6) in foreign commerce from the United States to Haiti for the purpose of engaging in illicit sexual conduct with minors, in violation of Title 18, United States Code, Section 2423(b), on or about October 2, 2001, October 30, 2003, November 27, 2004, February 27, 2006, September 15, 2009, and May 8, 2011.[2] [D.E. 71].

At trial the evidence will show that beginning in or around 1995 until his arrest on May 8, 2011, the Defendant operated the Morning Star Center (hereinafter, "the Center") in the vicinity of Port-au-Prince, Haiti. The Center was a residential facility that provided shelter, food, money, schooling, and toys to Haitian minors and young adults. The Center was commonly referred to as an orphanage; however, many of the residents were not orphans. Rather, parents with extremely limited or no means to support their children would send their children to the Center so they could receive the material support and educational opportunities that these families were otherwise unable to provide.

During this same period, the Defendant, as director of the Center, regularly traveled between the United States and Haiti to raise charitable funds to finance the continued operation of the Center. Between the Center's opening in approximately 1995 and April 7, 2011 (the date of the Defendant's last trip from Haiti to the United States before his arrest), the Defendant also consistently engaged in illicit sexual conduct with the Haitian minors in his care and custody at

---

[2] The term "illicit sexual conduct," as used in 18 U.S.C. § 2423(b), "means (1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; or (2) any commercial sex act (as defined in section 1591) with a person under 18 years of age." 18 U.S.C. § 2423(f). The United States uses the term "minor" herein to refer to persons under the age of eighteen years old.

the Center.  In general, the illicit sexual conduct consisted of the Defendant performing oral sex on the minors, requiring the minors to perform oral sex on the Defendant, requiring the minors to masturbate the Defendant, and/or the Defendant touching the minors' nude genitalia.  The Defendant made the minors' participation in illicit sexual conduct with the Defendant necessary in order for the minors to receive gifts and/or money, and/or to continue receiving the shelter, food, and schooling that the Defendant provided through the Center.

During the charging period, his victims and the supporters of the Center knew the Defendant by his current legal name, "Matthew Carter," and his nickname, "Bill Carter." However, before his legal name change in 1990, the Defendant was known as "William Charles Harcourt" or "Bill Harcourt."  Similarly, records pre-dating the 1990 name change, like the Defendant's birth certificate, are in the name of William Charles Harcourt.

## II.  ADMISSIBILITY OF EVIDENCE UNDER RULE 404(b)[3]

Rule 404(b) prohibits evidence of a crime, wrong, or other act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b).

The Eleventh Circuit applies a three-part test to determine whether extrinsic evidence of other acts is admissible under Rule 404(b):  "First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; [and] Third, the probative

---

[3] As a threshold matter, the United States maintains that evidence of the Defendant's legal name change is direct, or, otherwise, intrinsic evidence of the Defendant's United States citizenship, which the United States must prove under Title 18, United States Code, Section 2423(b).  However, the United States provided notice of the legal name change and files the instant motion in an abundance of caution and to flag this as a prospective issue in advance of trial.

value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." *United States v. Matthews*, 431 F.3d 1296, 1311-12 (11th Cir. 2005) (internal citations omitted).

As to the first prong, evidence of the Defendant's legal name change is relevant to prove the Defendant's identity as it relates to establishing that the Defendant was a United States citizen during the indictment period, as required under 18 U.S.C. § 2423(b). The United States intends to introduce a certified copy of the Defendant's birth certificate, and certified copies of the Defendant's passport applications to prove that the Defendant was in fact a United States citizen from birth through the indictment period. The birth certificate and passport applications before 1990 are in the Defendant's former name, William Charles Harcourt. Absent evidence of the Defendant's legal name change, the United States cannot prove a necessary element of the charged offenses, that is, that William Charles Harcourt and Matthew Andrew Carter are one and the same, and therefore that the Defendant was born in the United States and is a United States citizen.

Evidence of the Defendant's legal name change is also necessary to prove the Defendant's identity with respect to the Defendant's acts of sexual abuse that occurred before the name change. The United States intends to call witnesses at trial, including S.T., P.M., D.J.M., and I.M., who were sexually by the Defendant entirely before 1990, and who knew the Defendant only as "William Harcourt" or "Bill Harcourt." The testimony of these witnesses will not make sense to the jury without evidence showing that the Defendant changed his name and that Matthew Andrew Carter and William Charles Harcourt are the same person.

As to the second prong, the United States intends to rely on certified court records showing the Defendant's legal name change. These records are reliable and self-authenticating,

4

*see* Fed. R. Evid. 902, and therefore, sufficient proof to permit a jury to find that the Defendant did in fact change his name in 1990.  *See, e.g.*, *Huddleston v. United States*, 486 U.S. 681, 689-90 (1988) (holding that Rule 404(b) does not require government to prove defendant committed the prior act by a preponderance of the evidence or by any other specific measure of proof).

As to the third prong, the United States intends to prove the Defendant's name change simply through the introduction of two documents, as described above.  The United States does not intend to elicit evidence in its case-in-chief regarding the reasons behind the Defendant's name change.  Evidence of the name change is limited in scope and the introduction of the evidence at trial will be quick.  The jury will be neither confused nor distracted by this evidence.  It is more likely that the jury will be confused *without* this evidence.  Accordingly, the probative value of this evidence in proving the Defendant's identity is not outweighed by a risk of unfair prejudice.

### III. CONCLUSION

For the reasons explained herein, the United States respectfully moves *in limine* to admit evidence of the Defendant's legal name change pursuant to Federal Rule of Evidence 404(b).

>
> Respectfully submitted,
>
> WIFREDO A. FERRER
> UNITED STATES ATTORNEY
>
>
> BY:   *s/Maria K. Medetis*
>       Maria K. Medetis
>       Assistant United States Attorney
>       Court Identification No.:  A5501214
>       99 Northeast 4th Street
>       Miami, Florida 33132-2111
>       Tel: (305) 961-9010
>       Fax: (305) 530-7976
>       Maria.Medetis@usdoj.gov

BY: *s/Bonnie L. Kane*
Bonnie L. Kane
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division, U.S. Department of Justice
1400 New York Avenue, NW
Washington, D.C. 20530
Tel: (202) 514-5780
Fax: (202) 514-1793
Bonnie.Kane@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2012, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to defense counsel Stuart Adelstein, Esq. and Philip Horowitz, Esq.

*/s/ Maria K. Medetis*
Maria K. Medetis