UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                 CASE NO.: 11-20350-CR-LENARD(s)(s)

MATTHEW ANDREW CARTER,

    Defendant.
_____/

## DEFENDANT'S MOTION IN LIMINE

COMES NOW the Defendant MATTHEW ANDREW CARTER by and through his undersigned counsel and moves this Court to enter an order preventing the government from using one single image of child pornography that was purportedly seized from the defendant during an airport stop in early 2006 and as grounds therefore states as follows:

The Defendant Matthew Andrew Carter, a/k/a "William Charles Harcourt," a/k/a "Bill Carter," a United States citizen, is charged by Second Superseding Indictment (DE #71) with six counts of traveling (Counts 1 through 5) and attempting to travel (Count 6) in foreign commerce from the United States to Haiti for the purpose of engaging in illicit sexual conduct with minors, in violation of 18 U.S.C. § 2423(b), on or about October 2, 2001, October 30, 2003, November 27, 2004, February 27, 2006, September 15, 2009, and May 8, 2011.

*Facts*[1]

On February 10, 2006, the defendant arrived at Miami International Airport aboard American Airlines Flight 816 from Port au Prince, Haiti. As was the routine for this defendant, he was referred to United States Customs and Border Protection for a secondary inspection. The agents stated that he was referred to a secondary inspection based on a TECS record of suspicion of abusing children in Haiti. The duty ICE requested that the defendant's laptop computer and computer related media be examined.

A field analysis was conducted did not reveal any illegal materials. Though the computer was in poor condition, the hard drive was retained for further examination. The defendant also had in his possession two thumb drives, ten diskettes and four CD-ROMs. These items were seized as well.

A subsequent forensic examination the 128 MB thumb drive revealed photos of fully clothed boys. The 256 mb thumb drive also revealed images of fully clothed boys. According to the report, "data carving (in unallocated space)" of that thumb drive revealed one image of suspected child pornography. On February 27, 2006, the defendant left the country.

Prosecution of Mr. Carter for this one image was declined. On March 11, 2008, the Department of Homeland Security closed their investigation due to insufficient evidence.

---

[1] Once again, since this matter has yet to proceed to trial, the "facts" are being gleaned from the discovery provided by the government to date.

### *Evidence subject to the Motion in Limine*

This singular image of suspected child pornography seized from the defendant on February 10, 2006 is being sought to be excluded pursuant to Fed. R. Evid 401 and 403.

### *Memorandum of Law*

Rule 401 of the Federal Rules of Evidence defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence may be excluded under Rule 403 only when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

The term "unfair prejudice" relates to the capacity of some concededly relevant evidence to "lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged . . . "unfair prejudice" within the context of Rule 403 means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172 (1997)

In the instant case, the fact that one image of suspected child pornography to which the government itself found to be insufficient to accept prosecution more than six years ago and to which law enforcement had closed its investigation in 2008 should not now be used to attempt to convict this defendant of charges wholly unrelated to the image. This image will be used in no other way then in an attempt to

fan the flame and misdirect the jury from the charges that is the subject of the sworn duty to evaluate.

There is nothing within the image to suggest that it is a product or byproduct of the charges. The government has gone to great lengths to try to use almost four decades of "prior bad acts" in their attempt to convict the defendant and this images should be excluded as it is clearly prejudicial in light of the charges against the defendant.

### *Conclusion*

For the reasons and on the basis of the law set forth herein, the Defendant, MATTHEW CARTER respectfully requests that this court enter an order precluding the government from introducing any evidence of this one image of suspected child pornography

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 22nd day of October 2012.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Co-counsel for Defendant CARTER
Suite #1910 - Two Datran Center
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (305) 670-1915
Fax.: (305) 670-1901
E-Mail: *HorowitzDefense@aol.com*


   */s/ Philip R. Horowitz, Esquire*
By: PHILIP R. HOROWITZ, ESQ.
Florida Bar No.: 466557

LAW OFFICES OF ADELSTEIN & MATTERS, P.A.
Court Appointed Attorney for the Appellant
2929 S.W. 3rd Avenue
Suite #410
Miami, Florida 33129
Tel.: (305) 358-9222
Fax. : (305) 285-9110
E-Mail: Adelsteinslaw@aol.com

*/s/ Stuart Adelstein, Esquire*
By: STUART ADELSTEIN, ESQUIRE
Florida Bar No.: 234540