UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                        CASE NO.: 11-20350-CR-LENARD(s)(s)

MATTHEW ANDREW CARTER,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS COUNTS 1-4

COMES NOW the Defendant MATTHEW ANDREW CARTER by and through his undersigned counsel and moves this Court to enter an order dismissing Counts 1-4 as violative of the statute of limitations and as grounds therefore states as follows:

1. On May 19. 2011, the defendant was charged in a one-count, one-defendant indictment. (DE #14)  Count One charges a violation of 18 U.S.C. § 2423(b) (traveling for the purpose of engaging in sex with a minor),  The offenses allegedly were committed "on or about October 30, 2003", or more than seven years prior to the return of the indictment. This is not a capital offense.

2. On June 23. 2011, the defendant was charged in a four-count, one-defendant superseding indictment. (DE #22)  Counts 1-4 all charged a violation of 18 U.S.C. § 2423(b) (traveling for the purpose of engaging in sex with a minor),  The offenses allegedly were committed on or about October 2, 2001 (Count 1, October 30, 2003 Count 2), November 27, 2004 (Count 3) and February 27, 2006 (Count 4).  Therefore, all were alleged to have been committed  more than five years prior to the return of

the indictment. This is not a capital offense.

3. Finally, January 13. 2012, the defendant was charged in a six-count, one-defendant second superseding indictment. (DE #71) Once again, counts 1-4 all charged a violation of 18 U.S.C. § 2423(b) (traveling for the purpose of engaging in sex with a minor),   The offenses allegedly were committed on or about October 2, 2001 (Count 1, October 30, 2003 Count 2), November 27, 2004 (Count 3) and February 27, 2006 (Count 4)[1]. Therefore all were alleged to have been committed more than five years prior to the return of the indictment. This is not a capital offense.

4. Unless "otherwise expressly provided by law," the statute of limitations for the indictment of non-capital federal offenses is five years. 18 U.S.C. § 3282. No other law expressly provides that this five-year statute of limitations has been extended or suspended, or creates a different and longer statute, for either offense charged in this case.

5.  When the indictment in this case was returned, in May and June 2011, more than five years had passed since the alleged commission of the charged offenses in Counts 1-4. Since no other statute "expressly" applies to suspend or extend the statute of limitations, or to create a different and longer statute, for either offense charged in this case, the indictment must be dismissed.

### *Memorandum of Law*

On July 27, 2006, the President signed into law the "Adam Walsh Child Protection and Safety Act," Pub.L. 109-248 (109th Cong., 2d Sess.), 120 Stat. 587.

---

[1] Counts 5 and 6 were alleged to have occurred on September 15, 2009 and May 8, 2011 and therefore are not subject to this motion.

Title II of that Act consists of "Federal Criminal Law Enhancements" for violent crimes against children. One of those provisions (§ 211 of the Act) purportedly abolished any statute of limitations for many federal offenses committed against minors. That provision, which is codified at 18 U.S.C. § 3299, declares: Notwithstanding any other law, an indictment may be found ... at any time without limitation ... for any felony under chapter 109A, 110 (except for section 2257 and 2257A), or 117, or section 1591. The offenses charged in this case are both codified in Chapter 117 of title 18. Nevertheless, because Congress did not make the new law retroactive, section 3299 does not apply to the present case.

Newly created and newly extended federal statutes of limitations for criminal cases, like § 3299, are presumed, "in the absence of a clear expression to the contrary," to operate only prospectively. In other words, they are inapplicable to offenses committed prior to the date of enactment of the new statute. See *United States v. Richardson*, 512 F.2d 105, 106 (3rd Cir. 1975) (per curiam) (affirming dismissal, notwithstanding statutory amendment enacted within five years after offense was first committed, under which indictment would have been timely). This rule of statutory construction applies notwithstanding the rule that if Congress provides for retroactive application of an extended limitations period, there will be no ex post facto violation so long as the pre-existing statute of limitations had not run by the time the new and longer one was enacted. *Richardson*, 512 F.2d at 1061; accord, *United States v. Owens*, 965 F. Supp. 158, 164-65 (D. Mass. 1997) (Congressional intent does not show that newly extended, 1994 statute of limitations for certain federal murder offenses applies to homicides committed prior to effective date).

In other words, a newly extended statute is not to be deemed applicable to previously committed offenses simply because it would not be unconstitutional to apply it retroactively, had Congress so provided. First, there must be statutory language clearly providing for retroactive application of the new law. In this case, nothing in the 2006 Act expresses a Congressional intent -- clear or even vague -- to apply the new elimination of the statute of limitations found in § 3299 to previously-committed offenses. Accordingly, the abolition of limitations periods for Chapter 117 offenses does not apply to the pre-2006 counts.

Congress does not lack the drafting skill to make its will known when it wishes to overcome the *Richardson* presumption against retroactivity of extended statutes of limitations. For example, in 1989, Congress upgraded the financial crimes laws in the wake of the savings and loan scandals of the mid-80s. Part of that package was an extension of the general statute of limitations from five years to ten for certain federal offenses when they "affected a financial institution." See 18 U.S.C. § 3293. In adopting that law, Congress expressly provided, "(b) The amendments made by subsection (a) shall apply to any offense committed before the date of the enactment of this section, if the statute of limitations applicable to that offense had not run as of such date." Act of Aug. 9, 1989, Pub.L. 101-73, § 961(*l*)(3)(b), 103 Stat. 501.

Congress used the same language again the next year when it enacted a subsection § 3293(3) adding RICO offenses involving bank fraud to the list of crimes covered by that ten-year statute. See "Comprehensive Thrift and Bank Fraud Prosecution and Taxpayer Recovery Act of 1990," enacted as title XXV ("Banking Law Enforcement") of 1990 Crime Control Act, Pub.L. 101-647, § 2505, 104 Stat.

4862 (Nov. 29, 1990) (amendment "shall apply to any offense committed before the date of the enactment of this section, if the statute of limitations applicable to that offense had not run as of such date"). Yet no such language was included in the Adam Walsh Act, Pub.L. 109-248, § 211, when § 3299 was adopted in 2006.

Under *Richardson*, it follows inexorably that the abolition of any statute of limitations for the offenses charged in this case does not apply to the indictment of Mr. Carter, and that this case is time-barred unless some other law allows prosecution for an offense under §2423(b) committed more than five years prior to June 2011.

### Section 3283 does not apply .

In August 2001, section 3283 of title 18 already provided a special extended statute of limitations for certain "child abuse offenses." At the time[2], that provision read:

> "No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution before the child reaches the age of 25 years."

The indictment in this case alleges no victims so therefore 18 U.S.C. § 3282 must apply. Nevertheless, section 3283 does not apply to either offense charged in this case, because neither is "an offense involving the sexual or physical abuse of a child under the age of 18 years" within the meaning of this statute. As already noted, section 3282 applies to all non-capital federal felonies and establishes a five-year

---

[2] Section 3283 has been amended twice since 2001 (once in April 2003 and again in January 2006), but Congress did not provide for either of these provisions (Pub.L. 108-21, § 202 (April 30, 2003); Pub.L. 109-162, § 1182(c) (Jan. 5, 2006)) to be retroactive. Hence, neither can apply. See Point 1 ante. Compare *United States v. Sure Chief*, 438 F.3d 920 (9th Cir. 2006) (not following Third Circuit anti-retroactivity rule established in Richardson).

limitations period unless another statue "expressly" provides otherwise.

Purported extensions or suspensions of criminal statutes of limitations are construed narrowly, that is, "liberally ... in favor of repose." *United States v. Atiyeh*, 402 F.3d 354, 365 (3rd Cir. 2005), quoting *Toussie v. United States*, 397 U.S. 112, 115 (1970)   Under both the strictly limited § 3282 proviso and this governing rule of statutory construction, section 3283 does not apply to either offense charged in Counts 1-4 of Mr. Carter's indictment.

The offense charged in Count One, 18 U.S.C. §2423(b), as it stood in mid-2001, made it a federal offense for a U.S. citizen to travel in foreign commerce "for the purpose of engaging in any sexual act with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States ...." It is an "essential ingredient" of this offense that any "sexual or physical abuse of a child" be "involv[ed]"  Courts have held that no minor need even actually exist. The essence of the offense is the travel as to all of the first four counts sought to be dismissed, coupled with a certain subjective intent on the part of the defendant, even if impossible to achieve because the imagined minor does not exist or the intended sex partner is not in fact a minor. See *United States v. Tykarsky*, 446 F.3d 458, 469 (3rd Cir. 2006) ("By its unambiguous terms, § 2423(b) criminalizes interstate travel for an illicit purpose.  The actual age of the intended victim is not an element of the offense . . .  It 'make[s] no difference that an actual minor was). Thus, under *Bridges v. United States*, 346 U.S. 209 (1953), Counts 1-4 is not encompassed within the special statute of limitations provided in §3283.

WHEREFORE the Defendant respectfully requests that the Court enter an

Order dismissing Counts 1-4 of the indictment as requested as violative of the statute of limitations.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 22nd day of October 2012.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Co-counsel for Defendant CARTER
Suite #1910 - Two Datran Center
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (305) 670-1915
Fax.: (305) 670-1901
E-Mail: *HorowitzDefense@aol.com*


   */s/ Philip R. Horowitz, Esquire*
By: PHILIP R. HOROWITZ, ESQ.
Florida Bar No.: 466557

LAW OFFICES OF ADELSTEIN & MATTERS, P.A.
Court Appointed Attorney for the Appellant
2929 S.W. 3rd Avenue
Suite #410
Miami, Florida 33129
Tel.: (305) 358-9222
Fax. : (305) 285-9110
E-Mail: Adelsteinslaw@aol.com

*/s/ Stuart Adelstein, Esquire*
By: STUART ADELSTEIN, ESQUIRE
Florida Bar No.: 234540