UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                          CASE NO.: 11-20350-CR-LENARD(s)(s)

MATTHEW ANDREW CARTER,

    Defendant.
_____/

**DEFENDANT'S OMNIBUS RESPONSE AND OBJECTION TO THE NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FED. R. EVID. 404(b), 413 AND 414**

COMES NOW the Defendant MATTHEW ANDREW CARTER by and through his undersigned counsel and moves this Court to enter an order excluding the government's attempts to introduce evidence against the defendant pursuant to Fed. R. Evid 404(b), 413 and 414 and as grounds therefore states as follows:

The defendant is currently charged by way of a second superseding indictment with a total of six counts of traveling or attempting to travel in foreign commerce from United States to Haiti for the purpose of engaging in illicit sexual conduct with minors in violation of federal law.

On both November 22, 2011 (DE #55) and March 13, 2012 the government filed two extensive pleadings wherein they will seek to introduce evidence against the defendant some of which is at least four decades old. Each alleged incidence is outlined within the two pleadings and cites to various theories of admissibility by the government.

The government will attempt to seek by various theories as to each alleged

incident including pure hearsay ultimately not for any other evidentiary theory other than the improper theory to prove that the defendant acted in conformity therewith and for no other purpose.

### *Memorandum of Law*

Fed. R. Evid. 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident . . .

The seminal case in the proper application of Rule 404(b) evidence in this circuit is *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978)(en banc) which is has been adopted in this circuit by *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981). In *Beechum*, the former Fifth Circuit Court of Appeals formulated a two-part test for the admissibility of such evidence:

> ...First it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet other requirements of Rule 403. (Footnote omitted) *Beechum* at 911.

In describing the proper application of the first step of its test (relevancy), the *Beechum* court stated:

> The test for relevancy under the first step is identical to the one we have already encountered. The standards are established by Rule 401, which deems evidence relevant when it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Where the evidence sought to be introduced is an extrinsic offense charged its relevance is a function of its similarity to the offense charged. In this regard, however, similarity means more than the extrinsic and charged offenses have a common characteristic. For the purpose of determining relevancy, a fact is similar to another only when a common characteristic

>is the significant one for the purpose of the inquiry at hand. Stone, The Rule of Exclusion of Similar Fact Evidence: England, 46 Harv. L. Rev. 954, 955 (1933). Therefore, similarity, and hence relevancy, is determined by the inquiry or issue to which the extrinsic evidence is addressed. *Id.*

Mr. Carter would argue that the evidence that the government seeks to introduce under Rule 404(b) does not have, under Rule 401, any tendency to make his present "illicit travel" charge any more or less probable than it would be without the evidence. For relevancy purposes, there is no similarity between the extrinsic act and the offenses charged. *United States v. Dothard*, 666 F.2d 498, 502 (11th Cir. 1982), *Beechum, supra* at 911.

The purpose of the government's proffered 404(b) evidence in this case is not to advance a legitimate evidentiary purpose as set forth in the Rule (e.g., proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident), but rather to further the impermissible end of attempting to show that Mr. Carter has a propensity to commit "crimes of the sort with which he is charged." *United States v. Dothard*, 666 F.2d 498, 502 (11th Cir. 1982) Quoting *United States v. Goodwin*, 492 F.2d 1141, 1153 (5th Cir. 1974).

With respect to proving design, scheme or plan, subsequent cases have required the extrinsic and charged offense to be " . . . so linked together in point of time and circumstance . . . that one cannot be fully shown without proving the other . . . " *United States v. Beechum*, 582 F.2d 912 n. 15, <u>Dothard</u> at 502.

Rules 403 and 404(b) were promulgated in an effort to prevent trials from becoming forums for character assassination. Evidence of a defendant's character and extraneous conduct "tends to draw attention of the jury away from consideration of

the real issues on trial, to fasten it upon other questions, and to lead them unconsciously to render their verdicts in accordance with their views on false issues rather than the issues on trial." *United States v. Bledsoe*, 531 F.2d 888, 891 (5th Cir. 1976)

Rule 404(b) follows the venerable principle that the evidence if extrinsic offenses are "not admissible to prove the defendant's character in order to show conformity therewith." *United States v. Utter*, 97 F.3d 509, 513 (11th Cir. 1996)

In *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992)(en banc), cert. denied 506 U.S. 942 (1992), the Eleventh Circuit laid out a three-part test for evaluating the admissibility of Rue 404(b) evidence in this jurisdiction:

> First the evidence must be relevant to an issue other than the defendant's character. Second, as a part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet other requirements of (Federal Rule of Evidence) 403.

Accord *United States v. Dickerson*, 248 F.3d 1036 (11th Cir. 2001) evidence that the defendant was involved in drug trafficking in 1999 should be excluded because whatever marginal "relevance" it may have is plainly outweighed by the "undue prejudice" it is likely to cause the defendant under the circumstances of this case.

Although the extrinsic drug offenses arguably require the same mental state as the crimes charged, see *Dickerson,* 248 F.3d at 1047 (relevance of other crimes evidence measured, in part, by whether "the extrinsic offense requires the same intent as the charged offense") the long temporal gap between the extrinsic and charged offense undercuts the probative value of the prior alleged conduct. See *United States*

*v. Garcia*, 291 F.3d 127, 138 (2nd Cir. 2002)(evidence that the defendant was involved in cocaine trafficking twelve years before charged cocaine offenses inadmissible under Rules 404(b) and 403, reversing conviction). Accord *Utter*, 97 F.3d 513-514 (evidence in arson prosecution that the defendant committed arson two years after the charged crime showed only "propensity" and, therefore, related only to the defendant's "bad character" and was not relevant to an issue at trial)

In *United States v. Church*, 955 F.2d 688 (11th Cir. 1992) the Eleventh Circuit ruled that the district court erred in admitting evidence that four years before the charged murder conspiracy, the defendant engaged in a conversation with an informant that he would assist in the murder of someone else. The court ruled that since the uncharged offense occurred four years prior to the charged offense, it was not probative of the defendant's state of mind at the time of the charged offense. See also *United States v. Hubert*, 138 F.3d 912, 914 (11th Cir. 1998)(where the indictment charged a conspiracy spanning only July 1992 to July 1993, district court abused its discretion in admitting evidence of other drug conspiracy prior to 1991); *Utter*, 97 F.3d at 513 (emphasizing that allegation of uncharged conduct occurred more than two years after the charged crime). And, as noted above, the Second Circuit reversed a drug trafficking conviction, in part, holding that the district court improperly introduced evidence of drug trafficking committed 12 years before the charged offenses occurred, despite the fact that both incidents involved the same drug, cocaine. See Garcia, 291 F.3d at 138-139. See also *United States v. Aguilar-Aranceta*, 58 F.3d 796, 801 (1st Cir. 1995)(district court abused its discretion and violated Rule 403 in admitting defendant's four year old misdemeanor conviction); *United States v. Lynn*,

856 F.2d 430, 435-6 (1st Cir. 1988)(six year period between defendant's prior conviction and charged crime greatly diminished the probative value of prior conviction).

Based on a review of the two pleadings, the government seeks to introduce the following evidence pursuant to Fed. R. Evid. 404(b):

1) Portion of S.T.'s testimony (DE #55-20)

2) Portion of I. M.'s testimony[1] (DE #55-21)

3) Four residents of the Morning Star Center who resided there from the mid 1990s until a date prior to the first date in the indictment.  (DE #89-9-13)

4) The defendant's name change in 1990.  (DE #89-14)

Once again, the government is seeking to denigrate the purpose of the rule which is not to advance a legitimate evidentiary purpose as set forth in the Rule (e.g., proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident), but rather to further the impermissible end of attempting to show that Mr. Carter has a propensity to commit "crimes of the sort with which he is charged."  *United States v. Dothard*, 666 F.2d 498, 502 (11th Cir. 1982) Quoting *United States v. Goodwin*, 492 F.2d 1141, 1153 (5th Cir. 1974).

A review of DE #89 at pages 9-13 show the use of terms such as "unwavering pattern of behavior", "direct evidence of the charges behavior" and consistent pattern of engaging in illicit sexual conduct.

---

[1] Both S. T. and I. M. are identified within the body of DE #55 with also providing testimony pursuant to Fed. R. Evid. 413 or 414 or both.

### *Fed. R. Evid. 413 and 414*

Generally, propensity evidence, or proof that a defendant engaged in similar conduct before and that, therefore, he or she is likely guilty of the charged act, is inadmissable. *See* Fed. R. Evid. 404(b). However, in 1994, Congress specifically altered this rule with respect to sex offense cases by adopting Rules 413 and 414 of the Federal Rules of Evidence. Federal Rule of Evidence 413(a) provides that "in a criminal case in which the defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault and the evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 413(a).

Rule 413 provides "an exception to the general rule codified in Rule 404(a), which prohibits the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts." *United States v. Benally,* 500 F.3d 1085, 1089 (10th Cir.2007). In determining whether prior sexual assault evidence is admissible, the district court must determine whether "(1) the defendant is accused of a crime involving sexual assault or child molestation, (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation, and (3) the evidence is relevant." *Id.* at 1090 (citations omitted). The district court must also determine whether the jury could reasonably find by a preponderance of the evidence that the prior acts at issue actually occurred. *United States v. Enjady,* 134 F.3d 1427, 1433 (10th Cir.1998); *United States v. Johnson*, 458 F. App'x 727, 729 (10th Cir. 2012)

After satisfying the threshold requirements, Rule 413 evidence must also satisfy the Rule 403 balancing test, *United States v. Benally*, 500 F.3d at 1089, which states

that relevant evidence "may be excluded if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, [or] misleading the jury."* Fed. R. Evid. 403. In conducting the balancing test, the district court should consider:

1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely it is such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

Similarly, Federal Rule of Evidence 414(a) provides that "in a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 414(a). Now, in sexual assault and child molestation cases, evidence that a defendant committed a prior similar offense or act is admissible, and may be considered for any matter to which it may be relevant, including the defendant's propensity or proclivity to commit such offenses. *See* Fed. R. Evid. 413, 414; *United States v. Larson,* 112 F.3d 600 (2nd Cir.1997); *United States v. Donaldson*, 2012 WL 2317343 (W.D. N.Y. June 18, 2012)

The United States Court of Appeals for the Tenth Circuit has recognized that the court must consider the following when performing a rule 403 balancing in the

rule 414 context: "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence." *United States v. McHorse,* 179 F.3d at 898 (quoting *United States v. Enjady,* 134 F.3d 1427, 1433 (10th Cir.1998)). "No single factor is dispositive ." *United States v. Velarde,* 88 F. App'x 339, 343 (10th Cir.2004)(citing *United States v. Mann,* 193 F.3d 1172, 1174–*75 (10th Cir.1999)). The first factor requires the district court to "*make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the prior similar sexual act occurred." *United States v. Mann,* 193 F.3d at 1174 (citation omitted)(internal quotations omitted). *See United States v. McHorse,* 179 F.3d at 899 (finding that court properly concluded that the government had established the defendant's prior acts with evidence sufficient to support a finding by a preponderance that the defendant had in fact committed those acts)(citing *United States v.. Enjady,* 134 F.3d at 1433).

When analyzing the probative dangers, a court needs to consider: "1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct." 179 F.3d at 898 (citation omitted). Finally, when admitting evidence under rule 414, the court must "make a reasoned, recorded" statement of its rule–403 decision. *See United States v. Castillo,* 140 F.3d at 884 (citation omitted); *United States v. Chaco,,* 2011 WL 3503303 (D. N.M. Aug. 5, 2011)

Fed.. R. Evid. 413 reads as follows:

"In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant."

Two criteria must be satisfied for this rule to apply: first, the defendant must be accused of an offense of sexual assault, and second, the prior act must be an offense of sexual assault. Rule 413(d) defines an "offense of sexual assault" to include both "any conduct proscribed by chapter 109A" of title 18, Fed. R. Evid. 413(d)(1), and an attempt to engage in either "contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person" or "contact, without consent, between the genitals or anus of the defendant and any part of another person's body." Fed. R. Evid. 413(d)(2); United States v. Rogers, 587 F.3d 816, 819 (7th Cir. 2009)

The government's attempt to utilize Fed. R. Evid. 413 obviously fails under the first prong in that the defendant. Rule 413 alters the general prohibition which bans the use of prior conduct to establish the propensity to commit a crime by permitting the admission of a prior offense of sexual assault "for its bearing on any matter to which it is relevant" in a criminal case where the defendant is accused of sexual assault. The rule expressly allows the government to use a defendant's prior conduct to prove the defendant's propensity to commit the types of crime described in the rule. Congress intended, in passing Rule 413, to provide an exception to Rule 404(b)'s general bar and to permit the trier of fact to draw inferences from propensity evidence.

*United States v. Julian,* 427 F.3d 471, 486 (7th Cir.2005); *United States v. Hawpetoss,* 478 F.3d 820, 823 (7th Cir.2007).

The Seventh Circuit has consistently held that after a Rule 413 analysis the court must next consider whether it should exclude the evidence under Rule 403. See *Hawpetoss,* 478 F.3d at 824. The question therefore becomes whether Rule 413's permission to use propensity evidence in sexual assault trials affects a court's Rule 403 analysis of evidence falling within that rule. Under Rule 403, a court may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Evidence poses a danger of "unfair prejudice" if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's note.

However, evidence of prior sexual offenses may still pose significant dangers against which the district court must diligently guard. Even if the evidence does not create unfair prejudice solely because it rests on propensity, it may still risk a decision on the basis of something like passion or bias—that is, an improper basis. Even though Congress has made the propensity inference permissible, it has not said that evidence falling within Rule 413 is *per se* non-prejudicial. To the contrary, a jury might use such evidence, for example, to convict a defendant because it is appalled by a prior crime the defendant committed rather than persuaded that he committed the crime charged. See *Old Chief v. United States,,* 519 U.S. 172, 180–81, 117 S.Ct. 644. Or a jury, uncertain of guilt, may convict a defendant because they think the defendant

is a bad person generally deserving of punishment. See *id.* The court mentioned these dangers only as examples and their list dis not purport to be exhaustive. Rule 403 remains an important safeguard against the admission of prejudicial evidence, and courts enjoy wide discretion in applying the rule. *Julian,* 427 F.3d at 487. When exercising that discretion, however, courts must recognize that, for Rule 413 evidence, the propensity inference must be viewed differently. *United States v. Rogers*, 587 F.3d 816, 822-23 (7th Cir. 2009)

      Rule 414(a) of the Federal Rules of Evidence provides: "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant."  Before a court may admit evidence under rule 414, however, it must conduct a three-part analysis and then perform a balancing test pursuant to rule 403. *See United States v. McHorse,* 179 F.3d 889, 897–98 (10th Cir.1999). First, the court must find that the defendant "*is accused of an offense of child molestation." *United States v. McHorse,* 179 F.3d at 898 (quoting Fed. R. Evid. 414(a)). Rule 414 provides that "*an offense of child molestation"* includes those offenses found in Chapter 109A of Title 18. Next, the court must find "that the proffered evidence is 'evidence of the defendant's commission of another offense or offenses of child molestation.' " *United States v. McHorse,* 179 F.3d at 898 (quoting Fed. R. Evid. 414(a)). Finally, the court must find that the evidence sought to be introduced is relevant. *See United States v. McHorse,* 179 F.3d at 898 (citing *United States v. Guardia,* 135 F.3d 1326, 1328, 1331 (10th Cir.1998)). After a determination that the prior acts meet the requirements

of rule 414, a balancing test under rule 403 is necessary. *See United States v.. McHorse,* 179 F.3d at 898 (citing *United States v. Meacham,* 115 F.3d 1488, 1495 (10th Cir.1997)); *United States v. Chaco*, 2011 WL 3503303 (D. N.M. Aug. 5, 2011)

The main crux of the defendant's argument on the admission of the bulk of the Rule 413 and 414 evidence rests on remoteness. The government has attempted and will attempt to chronologically set forth these "prior bad acts" into decades as their pleadings indicate. They list acts from the 1970s, 1980s and 1990s and make allegations that go back as far as either 1969 or 1971. (DE #55-5)

Exclusion of proof of other acts that are too remote in time caters principally to the dual concerns for relevance and reliability. The evaluation of the proffered evidence in light of these concerns must be made on a case-by-case basis to determine whether the significance of the prior acts has become too attenuated and whether the memories of the witnesses has likely become too frail. Neither Rule 403 nor any analogous Rule provides any bright-line rule as to how old is too old. *Cf.* Fed. R. Evid. 609(b) (evidence of more–than–10–year–old conviction inadmissible "unless" court determines its probative value substantially outweighs prejudicial effect); *United States v. Larson*, 112 F.3d 600, 605 (2nd Cir. 1997).

Specifically, the government will seek to introduce from the 1970s evidence of the defendant's employment in England between 1971 and 1974 at the Blackshaw home and Reynolds House which led to the defendant being charged criminally (DE #55-5, 6) and ultimately acquitted and should not be introduced due to remoteness. This would also include the testimony of P.M., D.J.M., I.M., and S.M. (DE #55-6, 10-17) as well as alleged incidents from 1976 to 1978 where the victim has been

identified as P. (DE #89-5) In a similar vein, the testimony of S. T. whom the government characterizes as living at the Blackshaw house from 1972 to 1979 should likewise be excluded. (DE #55-6, 8-10)

Secondly, the defendant would object to the introduction of the testimony of Barbara Heinlein outlined on page 6 and 17-18 of DE #55. The testimony of Ms. Heinlein would not be as to a prior bad act but would be hearsay. The government has stated that they will seek to admit a "tacit admission" from the defendant as opposed to a witness or victim to a prior bad act and therefor her testimony in this regard is hearsay and not covered by either 404(b), 413 or 414 of the Federal Rules of Evidence or, alternatively, should be excluded per Rule 403. This same proposition is applicable to the testimony of David McCrum whose testimony is summarized in the 1980s category of DE #89 at pages 6-8. Mr. McCrum's testimony is based on what he heard and clearly nothing he witnessed together with purported tactic admissions from the defendant.

### *1990s Inextricably Intertwined/404(b) Evidence*

Finally, the government has advised that they will seek to introduce evidence that they characterize as either 404(b) or inextricably intertwined evidence of illicit sexual conduct at the home from the mid 1990s until October 2, 2001 the earliest date contained within the indictment. (DE #89-9-12) Once again, the government seeks the admission of this evidence not for any purpose other than that the defendant acted in conformity therewith. Their use of the terms such as "consistent pattern", "direct evidence of the charged offense" and "unwavering pattern of behavior" show that the true purpose for the introduction of this evidence is to show that the defendant did to

before and violated Rule 404(b) dictates regarding propensity.

The government, in their reliance upon the inextricably intertwined doctrine cites to *United States vs. Leavitt*, 878 F.2d 1329, 1339 (11th Cir. 1989) to support their proposition that this 1990s era evidence is inextricably intertwined.  However their reliance of *Leavitt* is misplaced.   That case stands for the proposition that evidence of criminal activity other than the offense charged is not extrinsic evidence under rule 404(b) if it is inextricably intertwined with the evidence of the charged offense or is necessary to complete the story of the charged offense. In addition, acts in furtherance of the conspiracy fall within this category which is inapplicable to this case.  Any alleged abuse of the 1990s era residents of Morning Star is not necessary to complete the story of the government's case regarding the 2001-2011 allegations nor it is relevant for the jury's consideration.

WHEREFORE, the Defendant MATTHEW CARTER respectfully requests that this Court enter an order excluding all of the evidence sought to be introduced by the government pursuant to Fed. R. Evid. 404(b), 413and 414.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 22nd day of October 2012.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Co-counsel for Defendant CARTER
Suite #1910 - Two Datran Center
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (305) 670-1915
Fax.: (305) 670-1901
E-Mail: *HorowitzDefense@aol.com*


   */s/ Philip R. Horowitz, Esquire*
By: PHILIP R. HOROWITZ, ESQ.
Florida Bar No.: 466557


LAW OFFICES OF ADELSTEIN & MATTERS, P.A.
Court Appointed Attorney for the Appellant
2929 S.W. 3rd Avenue
Suite #410
Miami, Florida 33129
Tel.: (305) 358-9222
Fax. : (305) 285-9110
E-Mail: Adelsteinslaw@aol.com


*/s/ Stuart Adelstein, Esquire*
By: STUART ADELSTEIN, ESQUIRE
Florida Bar No.: 234540