UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-CR-20350-LENARD/O'SULLIVAN(s)(s)

UNITED STATES OF AMERICA

v.

MATTHEW ANDREW CARTER,
a/k/a "William Charles Harcourt,"
a/k/a "Bill Carter,"

        **Defendant.**
_____/

## UNITED STATES' RESPONSE OPPOSING DEFENDANT'S MOTION *IN LIMINE* [D.E. 119]

The United States of America, by and through the undersigned government attorneys, files this response to the Defendant's Motion *In Limine* [D.E. 119] seeking to exclude evidence of child pornography. The United States does not intend to introduce evidence of the child pornography image referenced in the Defendant's motion during its case-in-chief. However, if the Defendant "opens the door" to the circumstances surrounding the production of that image, the United States will seek to introduce the image, and evidence regarding the Defendant's production and possession of the image. Therefore, the United States respectfully recommends that the Defendant's motion be denied, in part.

### I. BACKGROUND

Defendant Matthew Andrew Carter, a/k/a "William Charles Harcourt," a/k/a "Bill Carter," (hereinafter, "the Defendant"), a United States citizen, is charged with traveling (Counts 1 through 5) and attempting to travel (Count 6) in foreign commerce from the United States to Haiti for the purpose of engaging in illicit sexual conduct with minors, in violation of Title 18,

United States Code, Section 2423(b), on or about October 2, 2001, October 30, 2003, November 27, 2004, February 27, 2006, September 15, 2009, and May 8, 2011.  *See* Second Superseding Indictment (hereinafter "Indictment") [D.E. 71].

At trial the evidence will show that beginning in or around 1995 until his arrest on May 8, 2011, the Defendant operated the Morning Star Center (hereinafter, "the Center"), in the vicinity of Port-au-Prince, Haiti.  The Center was a residential facility that provided shelter, food, money, schooling, and toys to Haitian minors and young adults.[1]  During this same period, the Defendant, as director of the Center, regularly traveled between the United States and Haiti to raise charitable funds to finance the continued operation of the Center.

Between the Center's opening in approximately 1995 and April 7, 2011 (the date of the Defendant's last trip from Haiti to the United States before his arrest), the Defendant consistently engaged in illicit sexual conduct with the Haitian minors in his care and custody at the Center. The illicit sexual conduct generally consisted of the Defendant performing oral sex on the minors, requiring the minors to perform oral sex on the Defendant, requiring the minors to masturbate the Defendant (often with lotion or lubricant), and/or the Defendant masturbating the minors or otherwise touching the minors' nude genitalia.  The Defendant made the minors' participation in illicit sexual conduct with the Defendant necessary in order for the minors to receive money and/or gifts, and/or to continue receiving the shelter, food, and schooling that the Defendant provided through the Center.  The Defendant often engaged in these sexual acts with the minors at the Center in the middle of the night or in the early morning when other Center residents slept.  The Defendant often brought the boys to his bedroom to perform these sex acts

---

[1] The Center was commonly referred to as an orphanage; however, many of the residents were not orphans. Rather, parents with extremely limited or no means to support their children would send their children to the Center so they could receive the material support and educational opportunities that these families were otherwise unable to provide.

or simply performed these sex acts at the child's bed.  The Defendant's victims during the charging period ranged between the ages of six (6) and seventeen (17) years old.

The United States does not intend to introduce the child pornography image in its case-in-chief.  However, for purposes of this response, the United States provides a brief description of the image, how law enforcement found the image in the Defendant's possession, and the circumstances surrounding its production.

On or about February 10, 2006, the Defendant arrived at Miami International Airport aboard American Airlines flight 816, from Port-au-Prince, Haiti.  Upon arrival, United States Customs and Border Protection ("CBP") directed the Defendant to secondary inspection where CBP conducted a border search of various electronic media in the Defendant's possession, including a thumb drive.  On that thumb drive, CBP found a still image of a minor boy lying on a bed.  The boy is wearing a shirt that is pulled up to his chest, and his pants or shorts are pulled down so that his nude genital area is depicted.

On July 7, 2006, following his travel from Port-au-Prince, Haiti, to Fort Lauderdale via American Airlines flight 1988, the Defendant was referred to secondary inspection at the Fort Lauderdale airport and he spoke with Immigrations and Customs Enforcement agents regarding the child pornography image.  The Defendant identified the minor boy depicted in the image, and admitted to cropping and using the image in a promotional flyer that featured pictures of the faces of the Center residents.

During the investigation of the instant case, the United States learned that the boy depicted in this child pornography image was a resident of the Morning Star Center beginning in or around 2005, when the boy was approximately thirteen (13) years old.  The United States also learned that the Defendant sexually abused this boy while he lived at the Center.  The Defendant

took the picture in approximately 2005 or 2006, when the boy was still about thirteen years old. The Defendant photographed the boy at the Center on a day when the Defendant invited a minor female to the Center and coerced her to engage in sexual activity with himself (the Defendant) and some of the teenage boys at the Center.

## II. ANALYSIS

The Defendant contends that the image is irrelevant, unfairly prejudicial, and therefore inadmissible under Federal Rules of Evidence 401 and 403. [D.E. 119 at 3-4]. The United States disagrees with this assessment. The child pornography image and evidence regarding the circumstances of its production and possession are direct evidence of the Defendant's sexual abuse of the boy in the image and, more generally, of the illicit sexual conduct that occurred at the Center in 2005 or 2006.

Alternatively, since the Defendant is accused of committing sexual assaults and/or child molestations, evidence of his production and possession of child pornography would be relevant and admissible under Federal Rules of Evidence 414[2] and/or 404(b) to prove his intent to travel with the purpose of engaging illicit sexual conduct, his opportunity to engage in illicit sexual conduct, his motive (*i.e.,* his sexual interest in minor boys), and/or his propensity to commit the charged offenses. *Cf. United States v. Moore,* 425 Fed. Appx. 347, 351 (11th Cir. 2011) (admitting evidence of prior act of sexual contact with a minor pursuant to Rule 414 in prosecution for receipt and possession of child pornography); *United States v. Carino*, 368 Fed. Appx. 929, 929-30 (11th Cir. 2010) (defendant charged with possessing and receiving visual depictions of child pornography; affirming district court's admission of prior act of child molestation under Rule 414 as evidence of defendant's propensity to commit charged conduct);

---

[2] Rule 414(d) defines "child molestation" as a crime under federal law or state law involving "any conduct prohibited by 18 U.S.C. Chapter 110," which includes the offenses of production and possession of child pornography. *See* 18 U.S.C. §§ 2251, 2252.

4

*United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006) (holding prior sexual molestation of young relative to prove defendant's identity and motive to commit charged offenses, including possession and transportation of child pornography, properly admitted under Rule 404(b)).

Assuming *arguendo* that the child pornography image is, as the Defendant contends, inadmissible, the United States would be permitted to introduce it at trial if the Defendant opened the door.  *See, e.g., United States v. Carson*, 447 Fed. Appx. 925, 928-29 (11th Cir. 2011) ("'inadmissible extrinsic evidence is admissible on redirect as rebuttal evidence, when defense counsel has opened the door to such evidence during cross-examination'" (quoting *United States v. West*, 898 F.2d 1493, 1500 (11th Cir. 1990) (citations omitted)).

### III.  CONCLUSION

For the reasons explained, the Defendant's Motion *In Limine* to exclude evidence of one child pornography image [D.E. 119] should be denied, in part.  The United States does not intend to introduce the image in its case-in-chief; however, the United States reserves the right to do so if the Defendant opens the door to the circumstances surrounding the production of the image.

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

BY:   *s/Maria K. Medetis*
        Maria K. Medetis
        Assistant United States Attorney
        Court Identification No.:  A5501214
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9010
        Fax: (305) 530-7976
        Maria.Medetis@usdoj.gov

BY:   *s/Bonnie L. Kane*

        Bonnie L. Kane
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division, U.S. Department of Justice
1400 New York Avenue, NW
Washington, D.C. 20530
Tel:  (202) 514-5780
Fax:  (202) 514-1793
Bonnie.Kane@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2012, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to defense counsel Stuart Adelstein, Esq. and Philip Horowitz, Esq.

*/s/ Maria K. Medetis*
Maria K. Medetis