**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.  11-CR-20350-LENARD/O'SULLIVAN(s)(s)

UNITED STATES OF AMERICA

v.

MATTHEW ANDREW CARTER,
a/k/a "William Charles Harcourt,"
a/k/a "Bill Carter,"

        **Defendant.**
_____/

**UNITED STATES' RESPONSE OPPOSING DEFENDANT'S MOTION
TO STRIKE FED. R. EVID. 404(b), 413, 414 EVIDENCE [D.E. 123]**

The United States of America, by and through the undersigned government attorneys, files this response opposing the Defendant's Motion to Strike Fed. R. Evid. 404(b), 413, 414/Defendant's Omnibus Response and Objection to the Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b), 413, 414 [D.E. 123].[1]  For the reasons explained, evidence of the Defendant's prior acts of sexual assault and child molestation, which the Defendant now seeks to exclude, is properly admissible under Federal Rules of Evidence 413, 414, and/or 404(b).  Accordingly, the Defendant's motion should be denied.

**I. BACKGROUND**

Defendant Matthew Andrew Carter, a/k/a "William Charles Harcourt," a/k/a "Bill Carter," (hereinafter, "the Defendant"), a United States citizen, is charged with traveling (Counts

---

[1]  At docket entry ("D.E.") 124 and 125, the Clerk incorrectly re-titled the Defendant's motion as a response to the United States' Motion *In Limine* at D.E. 122.  In the notice of electronic filing and the docket text, the Defendant's pleading at D.E. 123 is titled "Motion to Strike Fed. R. Evid. 404(b), 413, 414."  The title in the pleading itself is "Defendant's Omnibus Response and Objection to the Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b), 413, 414."  Based on the first sentence of the Defendant's pleading and a telephone conversation with defense counsel Philip Horowitz, Esq. on October 25, 2012, the United States and the Defendant treat this pleading as a motion and not as a response to the United States' motion at D.E. 122.

1 through 5) and attempting to travel (Count 6) in foreign commerce from the United States to Haiti for the purpose of engaging in illicit sexual conduct with minors, in violation of Title 18, United States Code, Section 2423(b), on or about October 2, 2001, October 30, 2003, November 27, 2004, February 27, 2006, September 15, 2009, and May 8, 2011. *See* Second Superseding Indictment (hereinafter "Indictment") [D.E. 71].

At trial the evidence will show that beginning in or around 1995 until his arrest on May 8, 2011, the Defendant operated the Morning Star Center (hereinafter, "the Center"), in the vicinity of Port-au-Prince, Haiti. The Center was a residential facility that provided shelter, food, money, schooling, and toys to Haitian minors and young adults.[2] During this same period, the Defendant, as director of the Center, regularly traveled between the United States and Haiti to raise charitable funds to finance the continued operation of the Center.

Between the Center's opening in approximately 1995 and April 7, 2011 (the date of the Defendant's last trip from Haiti to the United States before his arrest), the Defendant consistently engaged in illicit sexual conduct with the Haitian minors in his care and custody at the Center. The illicit sexual conduct generally consisted of the Defendant performing oral sex on the minors, requiring the minors to perform oral sex on the Defendant, requiring the minors to masturbate the Defendant (often with lotion or lubricant), and/or the Defendant masturbating the minors or otherwise touching the minors' nude genitalia. The Defendant made the minors' participation in illicit sexual conduct with the Defendant necessary in order for the minors to receive money and/or gifts, and/or to continue receiving the shelter, food, and schooling that the Defendant provided through the Center. The Defendant often engaged in these sexual acts with

---

[2] The Center was commonly referred to as an orphanage; however, many of the residents were not orphans. Rather, parents with extremely limited or no means to support their children would send their children to the Center so they could receive the material support and educational opportunities that these families were otherwise unable to provide.

the minors at the Center in the middle of the night or in the early morning when other Center residents slept. The Defendant often brought the boys to his bedroom to perform these sex acts or simply performed these sex acts at the child's bed. The Defendant's victims during the charging period ranged between the ages of six (6) and seventeen (17) years old.

Moreover, between in or around 1972 and 2001 the Defendant sexually assaulted and molested similarly vulnerable minor victims in a manner identical to the charged conduct. These other acts are admissible under Rules 413, 414 and/or 404(b).[3] The Defendant disagrees.

## II. ANALYSIS

The Defendant raises two arguments in his motion: first, that evidence of his prior sexual assaults and child molestations is inadmissible propensity evidence under Rule 404(b) because the prior acts are dissimilar from the charged conduct and otherwise too remote from the charged conduct to be probative under Rule 403 [D.E. 123 at 2-6]; and second, that this evidence may be admissible as propensity evidence under Rules 413 and 414, but is inadmissible under Rule 403 because it is too remote to be probative [D.E. 123 at 10-14].

Contrary to the Defendant's reasoning, evidence of the Defendant's prior sexual assaults and child molestations is properly admissible under Rules 404(b), 413, and 414 to prove the Defendant's intent, motive, identity (*modus operandi*), and plan to commit the conduct charged in the Second Superseding Indictment (hereinafter "Indictment"), and to bolster the credibility of victims who will testify about the Defendant's charged conduct. This evidence is also

---

[3] On October 22, 2012, the United States filed a Motion *In Limine* to Introduce Other Acts Evidence Pursuant to Federal Rules of Evidence 413, 414, and/or 404(b). [D.E. 122]. The motion explains that the evidence of the Defendant's prior sexual assaults and child molestations (including the evidence highlighted in the Defendant's motion) is properly admissible under Rules 413, 414, and/or 404(b). The motion further explains that evidence of the Defendant's sexual abuse of the minors at the Center between in or around 1995 and in or around 2001 is properly construed as intrinsic or inextricably intertwined evidence of the charged offenses, and that the evidence is alternatively admissible under Rules 413, 414, and 404(b). To avoid repetition, the United States incorporates its motion *in limine* at D.E. 122 by reference to the instant response, and cites to specific page numbers of the motion where appropriate.

3

admissible under Rules 413 and 414 to prove the Defendant's propensity to commit the charged offenses.

A. **Evidence of the Defendant's Prior Acts of Sexual Assault and Child Molestation is Admissible Under Rules 403 and 404(b)**

The Eleventh Circuit applies a three-part test to determine whether extrinsic evidence of prior bad acts is admissible under Rule 404(b):

> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; [and] Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

*United States v. Matthews*, 431 F.3d 1296, 1311-12 (11th Cir. 2005) (quoting *United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995)) (citing *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978)[4] and *United States v. Miller*, 959 F.2d 1535 (11th Cir. 1992) (en banc)).  Here the Defendant challenges the first and third prongs of the *Beechum/Miller* test.

### 1. *Relevance of Prior Acts to the Charged Conduct*

The Defendant contends that the following evidence is relevant only to show the Defendant's propensity to commit the charged crimes and, therefore, is inadmissible under Rule 404(b): the testimony of S.T. summarized at page 20 of the United States' November 22, 2011 Notice [D.E. 55]; the testimony of I.M. summarized at page 20 of D.E. 55; testimony regarding the Defendant's sexual abuse of residents at the Morning Star Center between in or around 1995, when the Defendant founded the Center, and October 2, 2001, the start of the Indictment period, as summarized at pages 9 through 13 of the United States' March 13, 2012, Notice [D.E. 89];

---

[4]   In *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4

and evidence of the Defendant's legal name change in 1990.[5] *See* D.E. 123 at 2-6. The Defendant's argument fails for two reasons.

First, contrary to the Defendant's argument, evidence of his prior acts of sexual assault and child molestation is relevant in several ways, including as evidence of the Defendant's intent and motive to commit the charged offenses, to establish the Defendant's identity by showing that he employed the identical *modus operandi* to commit the charged and uncharged acts of sexual abuse, and to bolster the credibility of the victims who will testify about the Defendant's charged acts.[6] *See, e.g., United States v. Case*, 367 Fed. Appx. 929, 930 (11th Cir. 2010) (district court did not abuse discretion in admitting evidence under 404(b) of Internet chats in which defendant described molestation of child and images of young girls in sexually provocative poses; evidence was probative of defendant's intent to commit charged offense of using computer to entice a minor to engage in unlawful sexual activity because both acts tended to show an interest in sex with young girls); *United States v. Kapordelis*, 569 F.3d 1291, 1313-14 (11th Cir. 2009) (defendant charged with producing, receiving, and possessing child pornography; holding that prior acts "[e]vidence that Defendant traveled abroad to engage in sexual trysts with underage boys in Prague was … admissible under 404(b) as proof of knowledge, identity, or absence of mistake or accident" and intent to produce child pornography while traveling abroad with

---

[5] The Defendant also seeks to exclude evidence that he legally changed his name in 1990. As explained in the United States' Motion *In Limine* to Admit Evidence of the Defendant's Name Change [D.E. 118], incorporated by reference herein, the United States seeks to admit two documents as proof that in 1990 the Defendant legally changed his name from "William Charles Harcourt" to "Matthew Andrew Carter." The Defendant argues that this evidence is prohibited propensity evidence under Rule 404(b). However, the Defendant fails to explain, and the United States fails to see how this evidence constitutes evidence of the Defendant's propensity to engage in illicit sexual conduct with minors or to travel with the purpose of engaging in illicit sexual conduct. The United States seeks to introduce evidence of the Defendant's name change to prove the Defendant's identity as to the charged conduct, that is, the Defendant's United States citizenship (an express element of the charged conduct, 18 U.S.C. § 2423(b)), and to prove the Defendant's identity with respect to the Defendant's acts of sexual assault and child molestation that he committed before the 1990 name change. Evidence of the Defendant's name change is plainly relevant for non-propensity reasons and is, therefore, admissible under Rule 404(b).

[6] *See* D.E. 122 at 20-26 (incorporated by reference herein) (applying *Beechum/Miller* test and discussing admissibility of Defendant's prior acts of sexual assault and child molestation under Rule 404(b)).

victims, and that probative value was substantial and outweighed the prejudicial effect where Defendant raised identity and knowledge defenses); *United States v. Grossman*, 233 Fed Appx. 963, 969 (11th Cir. 2007) (testimony of minor that defendant sexually molested her was not unfairly prejudicial evidence of defendant's intent under 404(b) where defendant was charged with attempting to entice minor for sexual activity and where defendant put his intent at issue); *United States v. Hersh*, 297 F.3d 1233, 1254 n.31 (11th Cir. 2002) (defendant charged with transporting minor in foreign commerce with intent to engage in criminal sexual activity under 18 U.S.C. § 2423(a); holding that evidence of an uncharged act of molestation of minor admissible under Fed. R. Evid. 404(b) and 403 to show defendant's state of mind and *modus operandi* and to rebut attack on witness credibility).

Second, the Defendant's relevancy argument wrongly assumes that to be relevant, and therefore admissible under Rules 401 and 404(b), the extrinsic act must be similar to the charged conduct. *See* [D.E. 123 at 3 ("For relevancy purposes there is no similarity between the extrinsic act and the offenses charged")]. As a threshold matter, prior acts evidence need not be similar to a defendant's charged conduct to be relevant and probative under Rule 404(b).[7] But if, as here, the prior acts are similar to a defendant's charged conduct, then, as discussed *infra*, the probative value of the prior acts evidence increases substantially.

Assuming *arguendo* that similarity is required for relevance, contrary to the Defendant's contention, his charged conduct and his prior acts of sexual abuse are virtually identical in several respects. In both the charged and uncharged conduct, the Defendant targeted vulnerable,

---

[7] *See, e.g., United States v. Matthews*, 431 F.3d 1296, 1312 (11th Cir. 2005) (noting that "circuit precedent regards virtually any prior drug offense as probative of the intent to engage in a drug conspiracy," and holding that district court did not abuse its discretion "in rejecting the contention that the factual dissimilarity [between charged and uncharged conduct] resulted in disproportionate prejudice") (citing *United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir. 1995) (rejecting the argument that the lack of similarity between a large-scale drug conspiracy and a comparatively smaller, one-time drug purchase from an undercover law enforcement officer rendered the evidence substantially more prejudicial than probative)).

underprivileged minor boys; established unfettered access to these boys by working in orphanages or children's homes, or otherwise befriended neglected boys from poor families; and used his authority to force his minor victims to engage in illicit sexual conduct, or otherwise coerced these victims to engage in sexual conduct by enticing them with necessities like food, clothing, shelter, and money. In both the charged and uncharged acts, the Defendant favored the same sexual acts – he performed oral sex on minor boys, he forced minor boys to masturbate him, and he masturbated minor boys.

The Defendant tries to muddy these glaring similarities by describing his charge as "illicit travel," and ignoring the plain language of Section 2423(b), which criminalizes the Defendant's intent to engage in "illicit sexual conduct," at the time of travel, not just the travel. "Illicit sexual conduct" is defined in part as, *inter alia*, "contact between the mouth and the penis," and the "intentional touching of the genitalia of another person who has not attained the age of 16," 18 U.S.C. § 2246(2)(A) and (D). *See* 18 U.S.C. § 2423(f). Clearly, the sexual conduct criminalized under Section 2423(b) is the same as the conduct the Defendant committed in his prior acts of sexual assault and child molestation. Indeed, the prior acts and the charged conduct involve the same intent (to engage in unlawful sexual acts with minor boys), and the same purpose (to satisfy a sexual interest in minor boys). Thus, as discussed *infra,* these prior acts are highly probative of the Defendant's intent to commit the charged conduct, especially since the Defendant has made intent a material issue by pleading not guilty to the Indictment. *See, e.g., United States v. Zappata*, 139 F.3d 1355, 1358 (11th Cir. 1998) (internal citations omitted) ("A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue").

7

Moreover, the Defendant wrongly considers the matter of similarity between extrinsic evidence and charged conduct under the first prong of *Beecham/Miller*. The question of similarity is reserved for the third prong of *Beechum/Miller*, that is, whether the probativeness of relevant evidence outweighs the risk of prejudice under Rule 403. *See* Section II.A.2, *infra*. It is not a factor that courts consider when determining if the extrinsic evidence is relevant, that is, whether the evidence serves a permissible end under Rule 404(b), like intent or motive, and not propensity. *See Matthews*, 431 F.3d at 1311 (addressing dissimilarity between extrinsic evidence and charged conduct under third prong of *Beechum/Miller* test after determining relevance of evidence under 404(b), and affirming district court's ruling that dissimilarity did not result in disproportionate prejudice); *Delgado*, 56 F.3d at 1366 (addressing defendant's dissimilarity argument under third prong of *Beechum/Miller* after determining relevance of extrinsic acts to prove intent under Rule 404(b)); *United States v. Cardenas*, 895 F.2d 1338, 1342 (11th Cir. 1990) (addressing the dissimilarities between extrinsic evidence and charged acts under Rule 403 after determining defendant's prior narcotics trafficking was relevant to prove intent under Rule 404(b) where defendant pled not guilty to narcotics trafficking conspiracy).

### 2. *Evidence of the Defendant's Prior Acts of Sexual Assault and Child Molestation Is Admissible Under Rule 403.*

The Defendant contends that the probativeness of his prior acts of sexual abuse is diminished by their remoteness in time – that is, the prior acts are too old to be admitted under Rule 403. *See* D.E. 123 at 4 ("the long temporal gap between the extrinsic and charged offense undercuts the probative value of the prior alleged conduct"). Contrary to the Defendant's suggestion, the case law makes clear that remoteness is not dispositive of admissibility under Rule 403 in either the Rule 404(b) or the Rule 413/414 contexts.

Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  "Unfair prejudice within [the context of Rule 403] means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  *Old Chief v. United States*, 519 U.S. 172, 180-81 (1997).  Moreover, "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance ... should be struck in favor of admissibility."  *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003) (quotation marks omitted).  *See also United States v. US Infrastructure*, 576 F.3d 1195, 1211 (11th Cir. 2009) ("Rule 403 is an extraordinary remedy that must be used sparingly because it results in the exclusion of concededly probative evidence").  The risk of undue prejudice can, for example, be reduced by a district court's limiting instruction.  *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005).

> Moreover, in *Matthews* the Eleventh Circuit explained:
>
>> In *Beechum* this court noted that temporal remoteness is an important factor to be considered as it "depreciates the probity of the extrinsic offense."  582 F.2d at 915.  This court, however, has refrained from adopting a bright-line rule with respect to temporal proximity because "decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value."  *United States v. Pollock*, 926 F.2d 1044, 1048 (11th Cir. 1991).  Accordingly "appellant bears a heavy burden in demonstrating an abuse of the court's 'broad discretion in determining if an extrinsic offense is too remote to be probative.'"  *Id.* at 1047 (quoting *United States v. Terebecki*, 692 F.2d 1345, 1349 (11th Cir. 1982)); *see United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (upholding district courts admission of fifteen-year-old prior acts).

431 F.3d at 1311-12 (affirming district court's admission of eight-year old prior conviction as evidence of defendant's intent to commit charged conspiracy to distribute cocaine).  Thus, even

9

where prior acts occurred more than a decade before the charged conduct, courts still conclude that the probative value is not outweighed by the danger of unfair prejudice. *United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (upholding district court's admission of fifteen-year-old prior acts); *United States v. Curley*, 639 F.3d 50, 58-59 (2d Cir. 2011) (holding no abuse of discretion where district court admitted fifteen-year-old prior acts of domestic abuse against wife where defendant was charged with interstate stalking of his wife because "earlier acts demonstrated a pattern of activity that was probative of [defendant's] intent" to commit the charged acts; explaining that "temporal remoteness of [prior] acts does not preclude their relevancy" because "collectively they demonstrate a pattern of activity that continued up to the time of the charged conduct").

Here the significant probative value of the Defendant's prior sexual abuse, including those acts dating back to the 1970s, is not outweighed by their remoteness in time to the charged offenses. These prior acts are highly probative of the Defendant's intent, which from the Defendant's "not guilty" plea, is a material issue in this case. *Zappata*, 139 F.3d at 1358 (internal citations omitted) ("defendant who enters a guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent"). *See also* D.E. 122 at 21. The evidence is also highly probative of the Defendant's motive and *modus operandi*, and the credibility of the victims who will testify about the Defendant's charged conduct. *See* D.E. 122 at 22-26.

Likewise, the striking similarities between the Defendant's prior acts and the charged conduct reduce the risk of unfair prejudice and counsel in favor of admissibility under Rule 403. *See, e.g., United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006) (holding prior sexual molestation of young relative to prove defendant's identity and motive to commit charged

10

offenses, including possession and transportation of child pornography, properly admitted under Rule 404(b); prior molestation and charges were similar in character and therefore would not create unfair prejudice); *United States v. Williams*, 816 F.2d 1527, 1531-33 (11th Cir. 1987) (affirming admission of prior rape under 404(b) where defendant was charged with assault with a dangerous weapon, and holding that factual similarities between prior acts and charged conduct made evidence highly probative of intent and not unfairly prejudicial under Rule 403).

**B.     Evidence of the Defendant's Prior Acts of Sexual Assault and Child Molestation Is Admissible Under Rules 413 and 414[8]**

When assessing the admissibility of Rule 413 and Rule 414 evidence, the Court must make three threshold determinations before reaching the Rule 403 balancing test:  (1) the defendant is accused of an offense of sexual assault or child molestation, see Fed. R. Evid. 413(a) and 414(a); (2) the evidence proffered involves the defendant's commission of another sexual assault or child molestation, id.; and (3) the proffered evidence is relevant, see Fed. R. Evid. 401 ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."). *See, e.g.*, *United States v. Sturm*, 673 F.3d 1274, 1282 and 1284 (10th Cir. 2012) (citing *United States v. Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998)); *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001).

---

[8]     In the Rule 413/414 portion of his motion, the Defendant states that "the government will seek to introduce from the 1970s evidence of the defendant's employment in England between 1971 and 1974 at the Blackshaw home and Reynolds House which led to the defendant' being charged criminally and ultimately acquitted…." That is incorrect.  The United States explicitly stated in its November 22, 2011, Notice that it "*does not* intend to introduce evidence in its case-in-chief relating to this criminal investigation and prosecution, or the circumstances of the Defendant's termination from the Reynolds House." *See* Notice [D.E. 55 at 5-6 (emphasis added)].  However, the United States does intend to admit evidence of the Defendant's employment during the 1970s.  Evidence that the Defendant worked at the Blackshaw home and the Reynolds House is especially relevant to and inextricably intertwined with the testimony of S.T., who will testify that the Defendant sexually abused S.T. at the Blackshaw home and that the Defendant pulled boys from their beds at night at the Blackshaw home and at the Reynolds House.  The evidence of the Defendant's employment during the 1970s is necessary to put S.T.'s testimony into context.  It is also relevant to show that the Defendant availed himself of employment opportunities that gave him unfettered access to minor boys, day and night – as he had with the minors at the Morning Star Center.

11

Here the Defendant concedes that the United States has satisfied these threshold requirements, and only disputes the admissibility of the prior acts evidence under Rule 403.[9] The Defendant argues that the evidence of his prior acts of sexual assault and child molestation is inadmissible because it is too remote in time from the charged conduct. [D.E. 123 at 13] ("The main crux of the defendant's argument on the admission of the bulk of the Rule 413 and 414 evidence rests on remoteness"). Courts that have squarely addressed the Defendant's argument have rejected it.

The Indictment period in this case begins in or around 2001, and the prior acts evidence dates back to in or around 1972, which is a difference of approximately thirty-one (31) years. However, evidence of the charged conduct begins in or around 1995 with the founding of the Morning Star Center, thus, narrowing the gap to twenty-three (23) years. Nevertheless, as in the Rule 404(b) context, temporal remoteness is but one of many factors courts consider in weighing the probative value of Rule 413/414 evidence and is not, alone, a basis for exclusion under Rule 403. In *United States v. Larson*, the Second Circuit explained that

> [t]he legislative history of Rule 414 reveals that Congress meant its temporal scope to be broad, allowing the court to admit evidence of Rule 414 acts that occurred more than 20 years before trial:
>
> > No time limit is imposed on the uncharged offenses for which evidence may be admitted; as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding substantial lapses of time in relation to the charged offense or offenses. *See, e.g., United States v. Hadley*, 918 F.2d 848, 850–51

---

[9] The Defendant appears to mention one of these threshold requirements once in his motion, as follows: "[t]he government's attempt to utilize Fed. R. Evid. 413 obviously fails under the first prong in that the defendant." [D.E. 123 at 10]. That is the entirety of the comment. The United States deems whatever challenge the Defendant sought to raise here as abandoned. Nevertheless, for the reasons set forth in the United States' Motion *In Limine* at D.E. 122, the Defendant's prior acts evidence of sexual assault and child molestation satisfy the threshold requirements of Rules 413 and 414, and the probative value of this evidence substantially outweighs the risk of prejudice under Rule 403. *See also United States v. Blazek*, 431 F.3d 1104, 1108-09 (8th Cir. 2005) (holding that district court properly determined that 18 U.S.C. § 2423(b) constitutes "offense of sexual assault" under Rule 413).

> (9th Cir.1990), cert. dismissed, [506 U.S. 19] 113 S.Ct. 486 [121 L.Ed.2d 324] (1992) (evidence of offenses occurring up to 15 years earlier admitted); *State v. Plymate*, [216 Neb. 722] 345 N.W.2d 327 (Neb.1984) (molestations more than 20 years earlier admitted).
>
> 140 Cong. Rec. at S12990 (Statement of Sen. Dole); *see* 140 Cong. Rec. at H8992 (Statement of Rep. Molinari ("notwithstanding *very* substantial lapses of time" (emphasis added))). *Cf.* 18 U.S.C. § 3283 (1994) (expanding statute-of-limitations period with respect to child molestation offenses by providing that no prosecution for such an offense shall be time-barred "before the child reaches the age of 25 years").

112 F.3d 600, 605 (2d. Cir. 1997). *See also United States v. Hollow Horn*, 523 F.3d 882, 888-89 (8th Cir. 2008) ("Congress expressly rejected imposing any time limit on prior sex offense evidence) (citations omitted); *United States v. Benally*, 500 F.3d 1085, 1091 (10th Cir. 2007) ("there is no time limit beyond which prior sex offenses by a defendant are inadmissible") (citations omitted).

Thus, for example, in *Larson*, the defendant was charged with interstate transportation of a minor with intent to engage in criminal sexual conduct, in violation of 18 U.S.C. § 2423(a). 112 F.3d at 602. Pursuant to Rules 404(b), 414, and 403, the district court admitted testimony that the defendant sexually molested the witness for about four years when the witness was a minor, that is, 16 to 20 years before the charged conduct. *Id.* The Second Circuit found no abuse of discretion and held that the similarity between the charged and uncharged twenty-year-old conduct "clearly demonstrated the [witness's] testimony's relevance" and that "the [district] court was entitled to view both the traumatic nature of the events and their repetition over a span of four years as strong indicators of the reliability of the witness's memory." *Id.* at 605.

Similarly, in *Benally* the Tenth Circuit held that the district court did not abuse its discretion by admitting evidence of four (4) prior rapes that the defendant committed twenty (20)

and forty (40) years before the charged offense where the district court, relying on the legislative history of Rules 413 and 414, determined that the "time lapse did not itself negate the probative value of testimony about prior incidents" and that "the incidents were still highly probative despite their age." 500 F.3d at 1091. In affirming the admission of the forty-year-old rapes, the *Benally* court emphasized the district court's finding that "no intervening events between" prior acts and the charged conduct counseled in favor of admissibility and district court's determination that the similarity between the charged and prior acts evidence was highly probative and necessary to rebut challenges to the credibility of the charged victim's testimony. 500 F.3d at 1091-92. The *Benally* court further found no abuse of discretion with the district court's determination that "the risk of an improper jury verdict would be lessened by providing a limiting instruction to the jury." *Id.* at 1092. *See also United States v. Carino*, 368 Fed. Appx. 929, 929-30 (11th Cir. 2010) (finding district court did not abuse discretion with admission of prior sexual molestation that occurred approximately 32 years before the charges of possession and receiving child pornography); *United States v. Kelly*, 510 F.3d 433, 438-39 (4th Cir. 2007) (no abuse of discretion where district court admitted evidence that defendant sexually molested 12-year-old child 22 years before charged conduct of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct under 18 U.S.C. § 2423(b), and holding that remoteness of prior act, "alone, given the factual similarities in the offenses, does not render the conviction inadmissible" under 403); *United States v. Drewry*, 365 F.3d 957, 960 (10th Cir. 2004) (finding that "[s]ufficient factual similarity" between 25-year-old uncharged child molestation and charged offense merited admission of evidence "that might otherwise be inadmissible due to staleness"); *United States v. Gabe*, 237 F.3d 954, 959-60 (8th Cir. 2001) (upholding district court's admission of evidence of sexual molestation committed 20 years

14

before charged offenses where prior acts were "almost identical" to charged crimes); *United States v. Meacham*, 115 F.3d 1488, 1495 (10th Cir. 1997) (stating that "[s]imilarity of prior acts to the charged offense may outweigh concerns of remoteness in time").

Here, evidence of the Defendant's prior sexual assaults and molestations, including the testimony of victims S.T., P.M., D.J.M, and I.M. dating back the 1970s and to which the Defendant specifically objects [D.E. 123 at 13], is, as discussed previously, identical to the acts of sexual assault and child molestation with which the Defendant is charged.[10] These similarities, along with the significant probative value of the evidence in proving the Defendant's intent, motive, *modus operandi*, and propensity to commit the charged offenses, and the need to combat challenges to victim witness credibility outweigh the risk of unfair prejudice under Rule 403. Moreover, given the nature and the frequency of the sexual abuse involved in the prior acts, there is little doubt that the testimony sought to be introduced is reliable, notwithstanding its remoteness. *Larson*, 112 F.3d at 605. Finally, the intervening events between the Defendant's sexual abuse of minors in the 1970s and the charged conduct involved more sexual abuse of minors (during the 1980s and the 1990s[11]). This likewise weighs in favor of admissibility.

C.  **Defendant's Sexual Abuse of Minors at the Morning Star Center Before October 2, 2001 Is Direct or Intrinsic Evidence of the Charged Conduct**

The United States seeks to introduce the testimony of former residents of the Center, whom the Defendant sexually abused between in or around 1995, when the Defendant founded

---

[10] The Defendant also challenges the testimony of Barbara Heinlein summarized in the November 22, 2011, Notice [D.E. 55] at 6, 17-18, and the testimony of David McCrum summarized in the March 13, 2012, Notice [D.E. 89] at pages 6-8, as inadmissible hearsay. However, the testimony of Ms. Heinlein and Mr. McCrum relates to statements that the Defendant made to them. Accordingly, that evidence is admissible as the Defendant's own statements pursuant to Fed. R. Evid. 801(d)(2)(A) (a statement "offered against an opposing party" that was "made by the party in an individual or representative capacity" is not hearsay).

[11] *See, e.g.,* D.E. 55 at 7 and 18-20 (summarizing evidence of Defendant's sexual abuse of minor boys in Winter Haven, Florida, in or around 1992).

15

the Center, and in or around October 2, 2001. The Defendant contends that this evidence is inadmissible propensity evidence. [D.E. 123 at 14-15].

The United States, however, maintains that like the testimony of victims whose sexual abuse at the Center started before the 2001 indictment period and continued through the charging period, this evidence of the Defendant's sexual abuse of the Center residents between 1995 and 2001 constitutes direct evidence of the Defendant's intent to engage in illicit sexual conduct with minors on the dates of travel charged in the Indictment. That is, the evidence establishes the Defendant's long-standing pattern of engaging in illicit sexual conduct with minors at the Center before October 2, 2001, and, therefore, proves that on October 2, 2001 (Count One) and after, the Defendant traveled with the intent to engage in illicit sexual conduct with minors at the Center. Simply put, on those travel dates charged in the Indictment, the Defendant intended to continue his unwavering pattern of behavior.

This evidence is alternatively intrinsic to or inextricably intertwined with the charged offenses and is not subject to exclusion under 404(b). *See United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (Rule 404(b) does not apply to evidence that is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense."). In other words, the Defendant's pre-October 2, 2001, illicit sexual conduct is part of the same series of "transactions" charged in the Indictment, and it illustrates the context and "setup" of the crimes charged. *Id.* at 1344 ("Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the

16

story of the crime for the jury. And evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted.") (alteration in original) (citations omitted). This is the case for former Center residents whose abuse occurred before 2001, as well as those residents whose abuse began before 2001 and continued after 2001.

Alternatively, this evidence is admissible under Rules 413, 414, and/or 404(b). *See* D.E. 122 at 14-26.

### III. CONCLUSION

For the reasons explained, the Defendant's Motion to Strike Fed. R. Evid. 404(b), 413, 414/Defendant's Omnibus Response and Objection to the Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b), 413, 414 [D.E. 123], should be denied.

    Respectfully submitted,

    WIFREDO A. FERRER
    UNITED STATES ATTORNEY

BY: *s/Maria K. Medetis*
    Maria K. Medetis
    Assistant United States Attorney
    Court Identification No.: A5501214
    99 Northeast 4th Street
    Miami, Florida 33132-2111
    Tel: (305) 961-9010
    Fax: (305) 530-7976
    Maria.Medetis@usdoj.gov

BY: *s/Bonnie L. Kane*
    Bonnie L. Kane
    Trial Attorney
    Child Exploitation and Obscenity Section
    Criminal Division, U.S. Department of Justice
    1400 New York Avenue, NW
    Washington, D.C. 20530
    Tel: (202) 514-5780

                                                Fax:  (202) 514-1793
                                                Bonnie.Kane@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 5, 2012, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to defense counsel Stuart Adelstein, Esq. and Philip Horowitz, Esq.

                                    */s/ Maria K. Medetis*
                                    Maria K. Medetis