UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  11-CR-20350-LENARD/O'SULLIVAN(s)(s)

UNITED STATES OF AMERICA

v.

MATTHEW ANDREW CARTER,
a/k/a "William Charles Harcourt,"
a/k/a "Bill Carter,"

                          Defendant.
_____/

UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS COUNTS 1 – 4 [D.E. 121]

The United States of America, by and through the undersigned government attorneys,

hereby responds and opposes the Defendant's motion to dismiss Counts One through Four of the

Second Superseding Indictment.  [D.E. 121].  For the reasons explained below, Counts One

through Four, which charge the Defendant with violations of Title 18, United States Code,

Section 2423(b), are not time-barred by the applicable statute of limitations.  Accordingly, the

Defendant's motion should be denied.

I. PROCEDURAL AND FACTUAL BACKGROUND

Defendant Matthew Andrew Carter, a/k/a "William Charles Harcourt," a/k/a "Bill

Carter," (hereinafter, "the Defendant"), a United States citizen, is charged with traveling (Counts

1 through 5) and attempting to travel (Count 6) in foreign commerce from the United States to

Haiti for the purpose of engaging in illicit sexual conduct with minors, in violation of Title 18,

United States Code, Section 2423(b), on or about October 2, 2001 (Count One), October 30,

2003 (Count Two), November 27, 2004 (Count Three), February 27, 2006 (Count Four),

September 15, 2009 (Count Five), and May 8, 2011 (Count Six).[1]  *See* Second Superseding

Indictment (hereinafter "the Indictment") [D.E. 71].

      The Indictment was returned on January 12, 2012.  *Id.*  Count Two (October 30, 2003) of

the Indictment was first charged in the initial, single-count indictment, which was returned on

May 19, 2011.  [D.E. 14].  Counts One (October 2, 2001), Three (November 27, 2004), and Four

(February 27, 2006) of the Indictment were originally charged in the first Superseding

Indictment, which was returned on June 23, 2011.  [D.E. 22].

      Beginning in or around 1995 until his arrest on May 8, 2011, the Defendant operated the

Morning Star Center (hereinafter, "the Center") in the vicinity of Port-au-Prince, Haiti.  The

Center was a residential facility that provided shelter, food, toys, money, and schooling to

Haitian minors and young adults.  Although the Center was commonly referred to as an

orphanage, many of the residents were not orphans.  Rather, parents with extremely limited or no

means to support their children would send their children to the Center to receive the material

support and educational opportunities that these families were otherwise unable to provide.

During this same period, the Defendant, as Director of the Center, traveled between the United

States and Haiti regularly to raise charitable funds to finance the continued operation of the

Center.

      Between the Center's opening in approximately 1995 and April 7, 2011 (*i.e.,* the date of

the Defendant's last trip from Haiti to the United States before his arrest), the Defendant

regularly engaged in illicit sexual conduct with the Haitian minors in his care and custody at the

---

[1]      The term "illicit sexual conduct," as used in 18 U.S.C. § 2423(b), "means (1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; or (2) any commercial sex act (as defined in section 1591) with a person under 18 years of age."  18 U.S.C. § 2423(f).  The United States uses the term "minor" herein to refer to persons under the age of eighteen years old.

Center.  In general, the illicit sexual conduct consisted of the Defendant performing oral sex on the minors, requiring the minors to perform oral sex on the Defendant, requiring the minors to masturbate the Defendant, and/or the Defendant touching the minors' nude genitalia.  The Defendant made the minors' participation in illicit sexual conduct with the Defendant necessary in order for the minors to receive gifts and/or money, and/or to continue receiving the shelter, food, and schooling that the Defendant provided through the Center.

## II.  LEGAL BACKGROUND

On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006 (hereinafter, the "Adam Walsh Act"), which created a comprehensive national system for the registration of sex offenders, increased the statutory penalties for several child sex offenses, and created new federal child exploitation offenses.  *See* Pub. L. No. 109-248, 120 Stat. 587 (Jul. 27, 2006).  Additionally, Section 211 of the Adam Walsh Act eliminated the statute of limitations for most felony sex offenses.  This revision to the limitations period was codified at Title 18, United States Code, Section 3299.  Section 3299 ("Child abduction and sex offenses") provides:

> Notwithstanding any other law, an indictment may be found or an information instituted at any time *without limitation* for any offense under section 1201 involving a minor victim, and for any felony under chapter 109A, 110 (except for section 2257 and 2257A), or 117, or § 1591.

18 U.S.C. § 3299 (emphasis added).

Before the enactment of Section 3299, the statute of limitations for child sex offenses was governed by Title 18, United States Code, Section 3283 ("Offenses against children").  The legislative history of Section 3283 extends back to 1990 when Congress, as part of the Crime Control Act of 1990, passed the Victims of Child Abuse Act of 1990 (hereinafter, the "Child

Abuse Act").  *See* Pub. L. No. 101-647, 104 Stat 4789 (Nov. 29, 1990).  Section 225(a) of the

Child Abuse Act created a specific statute of limitations for offenses involving the sexual and

physical abuse of children that was codified at Title 18, United States Code, Section 3509(k).

Section 3509(k) provided in part:

> No statute of limitations that would otherwise preclude prosecution
> for an offense involving the sexual or physical abuse of a child
> under the age of 18 years shall preclude such prosecution before
> *the child reaches the age of 25 years*.

18 U.S.C. § 3509(k) (1990) (emphasis added).

The Child Abuse Act also added Title 18, United States Code, Section 3509(a)(8), which

provided, and continues to provide, a broad definition of "sexual abuse":

> [T]he term "sexual abuse" *includes* the employment, use,
> persuasion, inducement, enticement, or coercion of a child to
> engage in, or assist another person to engage in, sexually explicit
> conduct or the rape, molestation, prostitution, or other form of
> sexual exploitation of children, or incest with children[.]

18 U.S.C. § 3509(a)(8) (emphasis added).

In 1994, Congress struck the statute of limitations language from Section 3509(k) and

amended Section 3283 of Title 18, United States Code, Chapter 213 ("Limitations"), to contain

this language verbatim.  *See* Violent Crime Control and Law Enforcement Act of 1994, Pub. L.

No. 103-322, § 330018, 108 Stat. 1796 (Sept. 13, 1994) (hereinafter, the "Violent Crime Act").[2]

As a result, Section 3283 provided:

---

[2]      Of note, the Violent Crime Act also amended Title 18, United States Code, Section 2423 to add "a new subsection" and create a new offense:  Section 2423(b), the offense with which the Defendant is charged in Counts One through Six of the Indictment.  Pub. L. No. 103-322, § 160001(g), 108 Stat. 1796 (Sept. 13, 1994).  In this original version, Section 2423(b) provided:  "TRAVEL WITH INTENT TO ENGAGE IN SEXUAL ACT WITH A JUVENILE.—A person who travels in interstate commerce, or conspires to do so, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, or conspires to do so, for the purpose of engaging in any sexual act (as defined in section 2245) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States shall be fined under this title, imprisoned not more than 10 years, or both."

> No statute of limitations that would otherwise preclude prosecution
> for an offense involving the sexual or physical abuse of a child
> under the age of 18 years shall preclude such prosecution before
> *the child reaches the age of 25 years*.

18 U.S.C. § 3283 (1994) (emphasis added).  Notably, the definition of "sexual abuse" in Section 3509(a)(8) was untouched and remains, to date, the same.

On April 30, 2003, Congress passed the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act (hereinafter, the "PROTECT Act").  *See* Pub. L. No. 108-21, 117 Stat. 650 (Apr. 30, 2003).  Section 202 of the PROTECT Act amended Section 3283 by extending the statute of limitations for offenses involving the sexual or physical abuse of a child to "during the life of the child."  This amendment was aptly titled "NO STATUTE OF LIMITATIONS FOR CHILD ABDUCTION AND SEX CRIMES."  *Id.* at § 202.  As a result, Section 3283 provided:

> No statute of limitations that would otherwise preclude prosecution
> for an offense involving the sexual or physical abuse, or kidnaping,
> of a child under the age of 18 years shall preclude such prosecution
> *during the life of the child*.

18 U.S.C. § 3283 (2003) (emphasis added).

Section 3283 was amended again on January 5, 2006, when Congress passed the Violence Against Women and Department of Justice Reauthorization Act of 2005.  *See* Pub. L. No. 109-162, 119 Stat. 2960 (Jan. 5, 2006).  By that Act, Congress amended Section 3283 in order to permit criminal prosecution in child sexual or physical abuse cases where the victim dies before the crime is charged.  *Id.* at § 1182(c).  As a result, Section 3283 currently provides:

> No statute of limitations that would otherwise preclude prosecution
> for an offense involving the sexual or physical abuse, or kidnaping,
> of a child under the age of 18 years shall preclude such prosecution
> *during the life of the child, or for ten years after the offense,*
> *whichever is longer*.

18 U.S.C. § 3283 (emphasis added).

### III. ARGUMENT

In his motion, the Defendant argues that Counts One through Four of the Indictment are governed by the general, five-year limitations period under Title 18, United States Code, Section 3282, and are therefore time-barred.[3] [D.E. 121 at 2].  The Defendant further argues that Section 3299, which eliminates the statute of limitations for most felony sex offenses (including Section 2423(b)), does not apply retroactively to offenses committed before its July 27, 2006, effective date and therefore cannot apply to Counts One through Four.  [D.E. 121 at 2-5].  Lastly, the Defendant argues that Section 2423(b) offenses do not involve the sexual abuse of a child, which is required for Section 3283's limitations period of up to the life of the child or ten years after the offense to apply.  [D.E. 121 at 5-6].

The Defendant's arguments are simply wrong.  The prevailing case law makes clear that Section 3282's five-year limitations period does not apply to the Section 2423(b) offenses charged in the Indictment.  Courts that have addressed the same arguments now raised by the Defendant have rejected them and instead applied the limitations period from either Section 3299 or Section 3283.  Here, Counts One through Four are not time-barred because the limitations periods under both Sections 3299 and 3283 were still running when the offenses were charged. The Defendant's unfounded arguments to the contrary should be rejected.

---

[3]       The Defendant concedes that Counts Five (September 15, 2009) and Six (May 8, 2011) were timely charged and, therefore, are not barred by any statute of limitations.  [D.E. 121 at 2, n.2].  However, with respect to the offenses charged in Counts One (October 2, 2001), Three (November 27, 2004), and Four (February 27, 2006), the Defendant argues that the charges are time-barred because they were originally indicted on June 23, 2011, in the first Superseding Indictment, and each of those offenses occurred more than five years before the indictment date. Similarly, the Defendant contends that the offense charged in Count Two is time-barred because it was indicted on May 19, 2011, in the initial, single-count indictment, and the offense occurred more than five years before the indictment date.

**A.    Counts One Through Four Are Not Time-Barred Because Section 2423(b) Offenses May Be Prosecuted "At Any Time Without Limitation" Pursuant to Section 3299.**

The enactment of Section 3299 on July 27, 2006, eliminated the statute of limitations for all felony offenses under Chapter 117 of Title 18, United States Code.  *See* 18 U.S.C. § 3299 ("[n]otwithstanding any other law, an indictment may be found or an information instituted at any time without limitation … for any felony under chapter … 117").  Chapter 117, which is entitled "Transportation for Illegal Sexual Activity and Related Crimes," includes Section 2423(b), the offense with which the Defendant is charged in Counts One through Six of the Indictment.  Accordingly, by its terms, Section 3299 unequivocally applies to Section 2423(b) offenses.

The expansive language of Section 3299 ("[n]*otwithstanding any other law*, an indictment may be found or an information instituted at *any* time *without limitation* for *any* offense" (emphasis added)) supports its retroactive application.  Congress's use of the specific phrase "[n]otwithstanding any other law" made clear that on enactment, Section 3299 applied to "any offense" specified therein regardless of whether the offense occurred before or after the passage of the Adam Walsh Act on July 27, 2006.  *See, e.g., Castro v. Sec'y of Homeland Security,* 472 F.3d 1334, 1337 (11th Cir. 2006) (in interpreting Section 111(d) of the Aviation and Transportation Security Act, stating that "[w]e read the phrase 'notwithstanding any other provision of law' as Congress's indication that the statute containing that language is 'intended ... to take precedence over any preexisting or subsequently-enacted ... legislation [on the same subject]'" (citing *United States v. McLymont*, 45 F.3d 400, 401 (11th Cir. 1995))).  *See also Cisneros v. Alpine Ridge Group,* 508 U.S. 10, 18 (1993) (stating that "the use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the

'notwithstanding' section override conflicting provisions of any other section" (citing *Shomberg v. United States*, 348 U.S. 540, 547-548 (1955)). Retroactive application of Section 3299 is also consistent with Congress's extensions of the limitations period for such offenses through its many amendments of Section 3283, the previously applicable statute of limitations.[4] *See United States v. Shaw*, No. 5:04CR-14-R, 2008 WL 65390, at *3 (W.D. Ky. Jan. 4, 2008) (noting that Sections 3283 and 3299 "reflect the public policy of allowing more time to prosecute those charged with offenses against children").

Further, contrary to the Defendant's argument, nearly every court to consider the issue has retroactively applied Section 3299 to offenses that were committed before the provision's enactment on July 27, 2006. *See United States v. Coutentos*, 651 F.3d 809, 818 (8th Cir. 2011) (applying Section 3299 to production and attempted production of child pornography offense that was committed in or around 2001 in violation of 18 U.S.C. §§ 2251(a) and (d)); *United States v. Sensi*, No. 3:08-cr-253, 2010 WL 2351484, at *2, *3 n.2 (D. Conn. Jun. 7, 2010) (applying Section 3299 to child pornography production offense committed in 2001 in violation of 18 U.S.C. § 2251(a), and to illicit sexual conduct travel and child pornography production offenses committed between 2004 and 2005 in violation of, respectively, 18 U.S.C. § 2423(c) and 18 U.S.C. § 2251(c)); *United States v. Welton*, No. CR 09-00153, 2009 WL 4507744, at *16-17 (C.D. Cal. Nov. 30, 2009) (applying Section 3299 to possession of child pornography offense committed "on or after July 28, 2001" in violation of 18 U.S.C. § 2252A(a)(5)(B)). *See also United States v. Shaw*, No. 5:04CR-14-R, 2008 WL 65390, at *3 (W.D. Ky. Jan. 4, 2008) (noting that section 3299 would apply to the defendant's sexual abuse offense that was committed in 2004 or earlier in violation of 18 U.S.C. § 2241(a) if the sexual abuse charge was dismissed

---

[4]     As discussed *infra* in Section III.B, courts also have interpreted the current and prior versions of Section 3283 to apply retroactively.

without prejudice; stating "18 U.S.C. § 3299 would apply if the Defendant is similarly charged again in the future; there is no statute of limitations at all"). *But see United States v. Schneider*, No. 10-29, 2010 WL 3656027, at *1 n.1 (E.D. Pa. Sep. 15, 2010) (noting the prosecutor's concession that Section 3299 "does not appear to be retroactive," but not addressing the issue or making any related holding or finding).

There is a limit to Section 3299's retroactivity, but it does not apply here.  Retroactive application of a new or amended statute of limitations to revive an otherwise time-barred prosecution violates the Ex Post Facto clause.  *See Stogner v. California*, 539 U.S. 607, 610, 632-33 (2003).  That is, Section 3299 could not be used to prosecute a Section 2423(b) offense if that offense's pre-existing statute of limitations had expired before Section 3299's enactment. However, courts have consistently held that the Ex Post Facto clause is not violated by the retroactive application of a new or amended statute of limitations to an offense whose original limitations period had not yet expired at the time the new or amended statute was enacted.  *See, e.g., Stogner*, 539 U.S. at 618 (collecting cases).  In such circumstances, the applicable statute of limitations is extended by the new or amending legislation or, in the case of Section 3299, the applicable statute of limitations was eliminated.  *Id.  See also Coutentos*, 651 F.3d at 817-18 ("the limitations period found in § 3283 governing the count for producing child pornography had not run, and § 3299 had the effect of modifying the limitations period that applied to that conduct").

Section 3299 can apply retroactively in this case because there is no Ex Post Facto clause violation.  Before the enactment of Section 3299, the current version of Section 3283 applied to the offenses charged in Counts One through Four because, as explained *infra* in Sections III.B and III.C, the offenses charged in Counts One through Four "involv[e]" the sexual abuse of a

child.  The Section 3283 limitations period was still running on the date of Section 3299's enactment (July 27, 2006) because the victims of the conduct charged in Counts One through Four were still alive and/or ten (10) years had not yet passed since the commission of the offenses.  *See* 18 U.S.C. § 3283.  Accordingly, Section 3299 extended the limitations period for Counts One through Four without violating the Ex Post Facto clause.[5]  *See Coutentos*, 651 F.3d at 817-18 ("the limitations period found in § 3283 governing the count for producing child pornography had not run, and § 3299 had the effect of modifying the limitations period that applied to that conduct"); *United States v. Jeffries*, 405 F.3d 682, 684-85 (8th Cir. 2005) ("extending a limitations period before prosecution is barred does not violate the *ex post facto* clause" (citations omitted)).

In sum, pursuant to Section 3299, there is no limitation on when offenses under Chapter 117, Title 18, United States Code, may be prosecuted, including violations of Section 2423(b).  Since Section 3283, the previously applicable statute of limitations for the offenses charged in Counts One through Four, was still running when Section 3299 became effective, the offenses are not time-barred.

**B.    Current Version of Section 3283 Alternatively Applies to Counts One through Four and This Limitations Period Was Still Running When the Offenses Were Charged.**

Alternatively, the current version of Section 3283 applies to Counts One through Four because the charged Section 2423(b) offenses "involv[e] the sexual … abuse of a child under the age of 18 years."  18 U.S.C. § 3283.  After the Violent Crime Act's 1994 transfer of the statute

___

[5]    If this Court holds that Section 3299 applies to the Defendant's offenses in Counts One through Four, but finds that the limitations period in Section 3282 rather than Section 3283 previously applied, the counts are still not time-barred because Section 3282's five-year limitations period was still running on July 27, 2006 as to each count.  That is, each of the dates charged in Counts One through Four are after July 27, 2001.  *See Coutentos*, 651 F.3d at 818 (stating that "July 27, 2001 is the cut-off date for determining whether § 3299 governs" an offense to which the five-year limitations period previously applied).

10

of limitations provision from Section 3509(k) to Section 3283, courts have continued to rely on Section 3509(a)(8)'s broad and non-inclusive definition of "sexual abuse" in applying Section 3283.  *See United States v. Carpenter*, 680 F.3d 1101, 1103 (9th Cir. 2012) ("subsection 3509(a) was part of the same statutory section as the first extended statute of limitations for offenses involving sexual abuse of children.  Congress then re-codified the sections as part of an effort to consolidate various statutes of limitations in a single chapter, so it makes little sense to detach the statutory definition in a way that would have the opposite effect of Congress's consistent efforts to *extend* the statute of limitations for crimes of sexual abuse against children"); *Coutentos*, 651 F.3d at 816-17 (using the definition of "sexual abuse" in Section 3509(a)(8) to interpret Section 3283); *Schneider*, 2010 WL 3656027, at *2 n.3 ("[w]hen § 3509(k) was recodified, Congress did not create a new definition of sexual abuse and did not cross reference a different definition.  It is therefore appropriate to rely on the [sexual abuse] definition set forth in § 3509" when interpreting Section 3283).

Thus, Section 3283 applies to offenses "involving" the sexual abuse of a minor, which "includes," but is not limited to, "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children."  18 U.S.C. § 3509(a)(8).  Despite Section 3283's expansive language and Section 3509(a)(8)'s non-inclusive definition of "sexual abuse," the Defendant asserts that the charged offenses do not "involv[e]" the sexual abuse of a child because by its elements, Section 2423(b) does not require proof of an actual victim.[6]  [D.E. 121 at 5-6].

---

[6]      The Defendant also relies on language from Section 3282, which is the default statute of limitations for offenses "[e]xcept as otherwise expressly provided by law."  [D.E. 121 at 5-6].  The Defendant argues that the five-year limitations period in Section 3282 applies because Section 3283 does not "expressly" apply to Section 2423(b) offenses.  *See id.*  Unlike Section 3299, Section 3283 does not specifically or "expressly" list the statutes that it

The Defendant's argument is based on his misinterpretation of the term "involving" in Section 3283.  Section 3283 by its terms does not require that an offense *consist* of a sexual act between a defendant and a specific child; that is, the elements of the offense do not need to require proof of an act of sexual abuse for Section 3283 to apply.  Rather, the offense merely needs to "involv[e]" such abuse.  An offense under Section 2423(b) plainly "involv[es]" the sexual abuse of a child because it requires proof of the defendant's intent to engage in such conduct.[7]  Further, the broad definition of "sexual abuse" in Section 3509(a)(8) is illustrative and expressly not exhaustive.  Courts have rejected strained interpretations of Section 3283 that require offenses to constitute "sexual abuse" and instead, they have broadly construed the provision to apply to offenses that do not require proof of sexual contact with a child, including Section 2423(b).  *See, e.g., Carpenter*, 680 F.3d at 1103; *Schneider*, 2010 WL 3656027, at *2-5.

For example, in *Schneider*, which is squarely on point, the defendant was charged in 2010 with violating Title 18, United States Code, Sections 2423(b) and 2421, in 2001.  2010 WL

---

covers.  However, courts have found that Section 3283's broad language encompasses many "[o]ffenses against children," as its title states, including all crimes codified in chapters 110 and 117.  *See, e.g., Schneider*, 2010 WL 3656027, at *4 (noting that courts have "uniformly held the limitations period of § 3283 applies to crimes codified in chapters 110 and 117" (citations omitted)).  That is, by its broad language, Section 3283 expressly applies to many offenses and "[n]o statute of limitations that would otherwise preclude prosecution" for such offenses, namely Section 3282, "shall preclude such prosecution."  18 U.S.C. § 3283.

[7]      The far-reaching language of Sections 3283 and 3509(a)(8) also invites courts to look beyond the elements of the charged offenses and examine the underlying facts when necessary.  *Cf. United States v. Dodge*, 597 F.3d 1347, 1352, 1354-55 (11th Cir. 2010) (examining underlying facts to determine if offense was covered by 42 U.S.C. § 16911(7) of the Sex Offender Registration and Notification Act, noting the provision's "expansive language" and use of "the general terms 'include,' 'involves,' 'involving,' and 'by its nature'").  The United States does not believe that reference to the underlying facts is necessary because, as stated above, Section 2423(b) on its face "involv[es]" the sexual abuse of a child.  However, if the development of facts at trial would assist the Court in ruling on the Defendant's motion, the United States respectfully requests that the Court reserve its ruling on the motion until trial.  *See United States v. Ramirez*, 324 F.3d 1225, 1228-29 (11th Cir. 2003) (holding that "when a statute of limitations defense is clear on the face of the indictment and requires no further development of facts at trial, a defendant waives his right to raise that defense by failing to raise it in a pretrial motion," but recognizing that "there may be times when a statute of limitations defense cannot be raised before trial because the development of facts pertaining to that defense is necessary"); *United States v. Miller*, 491 F.2d 638, 647 (11th Cir. 1974) (stating that "[t]he propriety of granting a motion to dismiss an indictment under F.R.Crim.Pro. Rule 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact").

3656027, at *1.  The defendant argued that Section 3282's five-year limitations period applied to and, therefore, barred the charged offenses.  *See id.*  The defendant asserted that Section 3283 did not apply to the charged offenses because neither offense involved the actual "sexual abuse" of a child.  *See id.* at *2.  Relying on *Bridges v. United States*, 346 U.S. 209, 221-22 (1953),[8] the defendant argued that child sexual abuse is not an "essential ingredient" of either charged offense; rather, the essential elements of both offenses are travel or transportation, and an intent to engage in a sexual act.  *Id.* at *2-3.  The *Schneider* defendant thus concluded that Section 3283 did not apply because he could have been convicted of either offense with evidence of his intent alone, and without proof that he actually sexually abused a child.  *See id.* at *3.

The *Schneider* court flatly rejected the defendant's argument as "untenable."  *Id.* at *4.  Citing *Dodge*, the court found that Section 3283 "makes no reference to the elements of a crime and by its terms applies to 'offenses' rather than 'charges.'"  *Id.* at *3 (citing *Dodge*, 597 F.3d at 1354-55).  The court also underscored the significance of the word "involving" in Section 3283: "§ 3283's limitations period applies to offenses 'involving' child sexual abuse, not to offenses

---

[8]       In the instant case, the Defendant also relies on *Bridges* in support of his argument that Section 3283 does not apply to Section 2423(b) offenses, but provides no explanation.  [D.E. 121 at 6].  In *Bridges*, the Supreme Court addressed the scope of the Wartime Suspension of Limitations Act (WSLA) and the offenses to which it applied.  *See* 346 U.S. at 211.  Due to the ongoing war effort, and the limited investigative resources that existed as a result, the WSLA created a narrow exception to the general statute of limitations by expanding the limitations period for certain fraud offenses against the United States, including those involving war contracts or property.  *See id.* at 216-21.  The Court considered whether the WSLA applied to a prosecution of false statement offenses related to a naturalization proceeding, and held that it did not because the charged offenses did not involve defrauding the United States in "any pecuniary manner or in a manner concerning property."  *Id.* at 221.  In support, the Court noted the particular legislative history of "wartime suspension[s] of limitations authorized by Congress" and stated that such provisions have been "limited strictly to offenses in which defrauding or attempting to defraud the United States is an essential ingredient of the offense charged."  *Id.*

          Here, as in *Schneider*, the *Bridges* "essential ingredient" test does not apply to Section 3283 because its legislative history is distinctly different from the legislative history of the WSLA.  As stated in *Schneider*, "the WSLA, is dissimilar to § 3283 because the WSLA targeted a narrow category of crimes and was intended to be narrowly applied.  In contrast, Congress has sought to progressively lengthen the statute of limitations to allow prosecution for child sex offenses by extending the limitations period first to the victim's 25th birthday, then to encompass the life of the victim, and finally to abolish the limitations period entirely for some categories of offenses.  [citations omitted]  Moreover, such legislation is indicative of the general Congressional intent to 'cast a wide net to ensnare as many offenses against children as possible.'"  2010 WL 3656027, at *3 (quoting *Dodge*, 597 F.3d at 1355).

'constituting' such abuse." *Id.* Additionally, the court pointed out that both of the charged

offenses cross-reference other offenses involving the sexual abuse of a minor. *See id.* at *4.

With respect to the Section 2423(b) charged offense, the court stated:

> A defendant can only be convicted under § 2423(b) if he traveled
> with the intent to engage in a sexual act with a child which would
> violate chapter 109A if committed in the United States. *See* 18
> U.S.C. § 2423(b). This cross-reference requires the Court to
> examine both whether the defendant intended to engage in a sexual
> act defined by § 2246 and to examine whether the underlying
> conduct, if committed, would constitute an offense under chapter
> 109A. At the time of the offense in 2001, Chapter 109A made it a
> crime to knowingly engage in a sexual act with a person between
> the age of 12 and 16 years if the offender was more than four years
> older than the minor. *See* 18 U.S.C. § 2243(a) (2001).

*Id.* at *4.[9]

The *Schneider* court stated that the victim of the defendant's charged offenses was a

fifteen-year-old Russian boy, and that the defendant had engaged in a sexual relationship with

the boy both before and after the charged date of travel in 2001. *See id.* at *1. The court held

that the charged offenses under Sections 2423(b) and 2421 "indisputably relate to the common

understanding of sexual abuse and also 'involve' sexual abuse as defined in 18 U.S.C. §

3509(a)," and found the prosecution was timely under Section 3283. *Id.* at *5.

Like the *Schneider* defendant, the Defendant is charged with violating Section 2423(b)

and also had sexual contact with children. His offense conduct "indisputably relate[s] to the

common understanding of sexual abuse and 'involve[s]' sexual abuse as defined in 18 U.S.C. §

3509(a)." *Id.* Over a fifteen year period, the Defendant sexually abused multiple minor boys at

---

[9]     As in Count One in the instant case, the Section 2423(b) charge at issue in *Schneider* was based on the
version of the statute that was in effect in 2001. *See* 18 U.S.C. § 2423(b) (1998). In the instant case, the current
version of Section 2423(b) that is charged in Counts Two through Six also cross-references Chapter 109A (and 18
U.S.C. § 1591) through the definition of "illicit sexual conduct." *See* 18 U.S.C. §§ 2423(b), (f).

the Center by engaging in the rape, molestation, prostitution,[10] and "other form[s] of sexual exploitation of children."  18 U.S.C. § 3509(a)(8).  Specifically, the sexual abuse consisted of the Defendant performing oral sex on the boys, requiring the boys to perform oral sex on the Defendant, requiring the boys to masturbate the Defendant, and/or the Defendant touching the boys' nude genitalia.  The Defendant unreasonably argues that there are no victims in the case because none were specifically alleged in the Indictment.  [D.E. 121 at 5].  It was clear from the outset of this case that it involves victims.  [Criminal Complaint, D.E. 3 (detailing the Defendant's sexual abuse of numerous victims); Indictments, D.E. 5, 22, 71 (alleging sexual abuse of children under the age of 18 years); Order Granting United States' Motion to Designate Case as Being of Special Public Importance Pursuant to 18 U.S.C. § 3509(j) (D.E. 94) and Granting Defendant's Motion for Continuance (D.E. 91), D.E. 101 at 3 (making factual findings regarding this case's minor victims)].  Any suggestion to the contrary is wrong.  Equally clear is that at trial, the United States intends to introduce the testimony of several victims who were sexually abused by the Defendant during the charged period for Counts One through Four.

The Defendant's interpretation of "involving" is further undercut by courts that have applied Section 3283 to the offense of production of child pornography, which, similar to Section 2423(b), does not require proof of actual, hands-on sexual abuse and can be charged as an attempt or conspiracy.  *See* 18 U.S.C. §§ 2251(a), (d).  For instance, in *Carpenter*, the defendant, who was charged with the production of child pornography, argued that Section 3283 only applies to "sexual act" offenses, and did not apply to his offenses under 18 U.S.C. §§ 2251(a)

---

[10]     The Defendant engaged in illicit sexual conduct with the victims, which included commercial sex acts. Section 2423(f) of Title 18, United States Code, defines "illicit sexual conduct" in part as "any commercial sex act (as defined in section 1591) with a person under 18 years of age," and Section 1591(e)(3) of Title 18, United States Code, defines "commercial sex act" as "any sex act, on account of which anything of value is given to or received by any person."  In this case, the victims engaged in sex acts with the Defendant in order to continue receiving things of value, *i.e.*, shelter, food, clothing, schooling, and other necessities.

and (b) because these "charges didn't involve any physical contact between him and the child."
680 F.3d at 1103.  The Ninth Circuit rejected this argument and found that Section 3509(a)(8)'s
"[definition of sexual abuse] language easily encompasses what Carpenter's first two counts
charged him with."  *Id.  See also Coutentos*, 651 F.3d at 816-17 ("the offense of producing child
pornography involves the 'sexual abuse' of a child as that term is defined in § 3283"); *Sensi*,
2010 WL 2351484, at *3 (finding that offense of conspiracy to produce child pornography in
violation of 18 U.S.C. § 371 "constitutes 'sexual abuse' [for purposes of Section 3283] insofar as
it alleges that defendant conspired to commit the crimes to produce child pornography under
section 2251(a)").  Similarly, pursuant to Section 2423(b), the United States is not required to
prove that the Defendant had actual sexual contact with any victim.  However, the Defendant's
offenses in Counts One through Four still clearly "involv[e]" sexual abuse and Section 3283
therefore applies.

　　　　The Defendant also asserts that the current version of Section 3283 does not apply
retroactively, so if his argument regarding the inapplicability of Section 3283 fails, he assumes
that the versions of Section 3283 in effect at the time of the offenses would apply to Counts One
through Four.  [D.E. 121 at 5 n.2].  The Defendant is, again, wrong.[11]  Courts have retroactively
applied the current version of Section 3283 to offenses that were committed before its last
amendment on January 5, 2006.  *See, e.g., Sensi*, 2010 WL 2351484, at *1 (noting the current
version of 3283 in the list of statute of limitations that had extended the limitations period for
offenses committed in 2001, and 2004 to 2005).  Similarly, courts retroactively applied the 2003
version of Section 3283 to offenses that were committed before that version's amendment on
April 30, 2003.  *See United States v. Chief*, 438 F.3d 920, 923-24 (9th Cir. 2006) (applying 2003

---

[11]　　　　As discussed *infra* in Section III.C, Counts One through Four are not time-barred even assuming the
Defendant is correct and the versions of Section 3283 in effect on the dates of the charged conduct were applied.

version of Section 3283 to aggravated sexual abuse offense committed in 1997 in violation of 18

U.S.C. § 2241(a)); *Jeffries*, 405 F.3d at 683-84 (applying 2003 version of Section 3283 to

abusive sexual conduct offenses committed in 1988 and 1992 in violation of 18 U.S.C. §§

2244(a)(1), 2241(c)).  *See also United States v. Begay*, No. 97-4060, 1998 WL 10242, at *1

(10th Cir. Jan. 13, 1998) (applying 1994 version of Section 3283 to child sexual abuse offenses

that were committed in 1986).

Accordingly, under the current version of Section 3283 that applies to the offenses

charged in Counts One through Four, the applicable limitations period is "the life of the child, or

for ten years after the offense, whichever is longer."  18 U.S.C. § 3283.  This limitations period

was still running when the offenses were first charged in 2011.  On the relevant indictment dates

in 2011, the victims of the Defendant's charged offenses were still alive and ten years had not

elapsed since the commission of the offenses.[12]  Counts One through Four are therefore not time-

barred.

### C.     Versions of Section 3283 in Effect on Offense Dates Charged in Counts One Through Four Are Alternatively Applicable, and Those Limitations Periods Were Still Running When the Offenses Were Charged.

As set forth above, Section 3299 or, alternatively, the current version of Section 3283

applies to Counts One through Four of the Indictment.  However, assuming *arguendo* that

neither of these limitations periods apply retroactively, the offenses charged in Counts One

through Four are also not time-barred by the versions of Section 3283 that were in effect on the

dates of the offenses.

---

[12]     The oldest offense, which is charged in Count One, occurred on or about October 2, 2001, and was first charged on June 23, 2011 (*i.e.*, approximately nine (9) years and nine (9) months after the offense's commission). [D.E. 22].

17

  1. <u>Offense Charged in Count One Is Not Time-Barred Under 1994 Version of</u>
    <u>Section 3283</u>

Count One, which charges the Defendant with violating Section 2423(b) on or about

October 2, 2001, was originally indicted on June 23, 2011, in the first Superseding Indictment.

[D.E. 22].  On October 2, 2001, the date of the charged offense, the version of Section 3283 in

effect at the time provided:

> No statute of limitations that would otherwise preclude prosecution
> for an offense involving the sexual or physical abuse of a child
> under the age of 18 years shall preclude such prosecution before
> *the child reaches the age of 25 years.*

18 U.S.C. § 3283 (1994) (emphasis added).

  On June 23, 2011, the date on which the offense was first indicted, this limitations period

had not yet expired because victims of the offense charged in Count One had not yet reached the

age of 25 years.  For example, as set forth in the Complaint, John Doe #6, John Doe #7, and John

Doe #9 were all born in 1988 and, therefore, they were clearly under the age of 25 years on June

23, 2011.  [D.E. 3 at ¶¶ 23 – 24, 29].  Additionally, as the discovery provided to the Defendant

makes clear, the United States will seek to introduce at trial the testimony of other victims of the

offense charged in Count One and will prove that these victims also were under the age of 25

years on June 23, 2011.  Therefore, Count One is not time-barred by the version of Section 3283

that was in effect on the date of the offense.  *See* 18 U.S.C. § 3283 (1994).

  2. <u>Offenses Charged in Counts Two and Three Are Not Time-Barred Under</u>
    <u>2003 Version of Section 3283</u>

Count Two, which charges the Defendant with violating Section 2423(b) on or about

October 30, 2003, was originally indicted on May 19, 2011, in the initial indictment.  [D.E. 14].

Count Three, which charges the Defendant with violating Section 2423(b) on or about November

27, 2004, was originally indicted on June 23, 2011, in the first Superseding Indictment.  [D.E.

22].  On October 30, 2003, and November 27, 2004, the dates of the charged offenses, the 2003

version of Section 3283 was in effect.  It provided:

> No statute of limitations that would otherwise preclude prosecution
> for an offense involving the sexual or physical abuse, or kidnaping,
> of a child under the age of 18 years shall preclude such prosecution
> *during the life of the child*.

18 U.S.C. § 3283 (2003) (emphasis added).

On both May 19, 2011, and June 23, 2011, the respective dates on which Counts Two and

Three were first indicted, this limitations period had not yet expired because the victims of those

offenses were still alive.  At trial, the United States will seek to introduce their testimony

regarding the offenses charged in Counts Two and Three.  Therefore, Counts Two and Three are

not time-barred by the version of Section 3283 that was in effect on the dates of the offenses.

*See* 18 U.S.C. § 3283 (2003).

3.  Offense Charged in Count Four is Not Time-Barred Under Current Version of Section 3283

Count Four, which charges the Defendant with violating Section 2423(b) on or about

February 27, 2006, was originally indicted on June 23, 2011, in the first Superseding Indictment.

[D.E. 22].  On February 27, 2006, the date of the charged offense, the current version of Section

3283 was in effect[13] and it provides:

> No statute of limitations that would otherwise preclude prosecution
> for an offense involving the sexual or physical abuse, or kidnaping,
> of a child under the age of 18 years shall preclude such prosecution
> *during the life of the child, or for ten years after the offense,*
> *whichever is longer*.

18 U.S.C. § 3283 (emphasis added).

---

[13]    As set forth above, the current version of Section 3283 was last amended on January 5, 2006.  *See* Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. No. 109-162, § 1182(c), 119 Stat. 2960 (Jan. 5, 2006).

On June 23, 2011, the date on which the offense was first indicted, this limitations period had not yet expired because the victims of the offense charged in Count Four were still alive and ten years had not yet passed since the offense.  Therefore, Count Four is not time-barred by the current version of Section 3283, which was in effect on the date of the offense.  *See* 18 U.S.C. § 3283.

## IV. CONCLUSION

For the reasons explained herein, the United States respectfully requests that this Honorable Court deny the Defendant's motion to dismiss Counts One through Four of the Indictment.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:     *s/Maria K. Medetis*
        Maria K. Medetis
        Assistant United States Attorney
        Court Identification No.:  A5501214
        99 Northeast 4th Street
        Miami, Florida  33132-2111
        Tel: (305) 961- 9010
        Fax: (305) 530- 7976
        Maria.Medetis@usdoj.gov

BY:     *s/Bonnie L. Kane*
        Bonnie L. Kane
        Trial Attorney
        Child Exploitation and Obscenity Section
        Criminal Division, U.S. Department of Justice
        1400 New York Avenue, NW
        Washington, D.C.  20530
        Tel:  (202) 514-5780
        Fax:  (202) 514-1793
        Bonnie.Kane@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 5, 2012, I caused the attached document to be

electronically transmitted to the Clerk's Office using the CM/ECF system for filing and

transmittal of a Notice of Electronic Filing to defense counsel Stuart Adelstein, Esq. and Philip

Horowitz, Esq.

<div align="center" style="margin-left:40%;">

/s/ *Bonnie L. Kane*
Bonnie L. Kane

</div>