UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                       CASE NO.: 11-20350-CR-LENARD(s)(s)

MATTHEW ANDREW CARTER,

    Defendant.
_____/

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO THE SECOND MOTION FOR FOREIGN WITNESS DEPOSITIONS**

COMES NOW the Defendant MATTHEW ANDREW CARTER by and through his undersigned counsel and for his reply to the government's response in opposition to the second Rule 15 foreign deposition (DE #228) and states as follows:

The Defendant, Matthew Andrew Carter, a/k/a "William Charles Harcourt," a/k/a "Bill Carter," a United States citizen, is charged by Second Superseding Indictment (DE #71) with six counts of traveling (Counts 1 through 5) and attempting to travel (Count 6) in foreign commerce from the United States to Haiti for the purpose of engaging in illicit sexual conduct with minors, in violation of 18 U.S.C. § 2423(b).

In their response the government cites that there is an issue that this witnesses "promised" to testify at trial (DE #228-3) However, the government ignores the fact that the defendant spoke with their witness and in that conversation she provided what would be favorable testimony for the defendant that, obviously, would be subject to cross examination.

However, it is the defendant's burden, as the moving party, to establish that the

exceptional circumstances justifying the taking of the depositions in a criminal case. Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimonies of a prospective witness of a party are taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witnesses be taken by deposition

The defendant has shown the unavailability of Ms. Jensen which the government does not dispute. (DE #228-3) However, the government disputes that she is a witness at all. The government cannot be permitted to impose it will on who will and who will not testify at for the defense. Ms. Jensen was interviewed and she is willing to testify and can provide competent evidence as to what she saw and what she did as it pertains to the Morning Star Center.

She is not an expert but is a fact witness. Her status as a law enforcement officer gives even more credibility to her observations at the Morning Star Center during the relevant portion of the indictment. The government's continued opposition to now five Rule 15 depositions seeks to continue to deny Mr. Carter access to his defense witnesses and their relevant testimony. Unlike the prior witness, Ms. Jensen had the ability to testify in open court but for her recent medical condition, as she had agreed to do, and because she is able to provide testimony to the contrary of the government's position, they claim it is not material.

It is well established that when a witness is unavailable to testify at trial, former testimony given by that witness may be introduced consistent with the defendant's constitutional rights. *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993)

The principal consideration guiding whether the absence of a particular

witness's testimony would produce injustice is the materiality of that testimony to the case. *See United States v. Ismaili,* 828 F.2d 153, 159 (3rd Cir.1987), *cert. denied,* 485 U.S. 935, 108 S.Ct. 1110, 99 L.Ed.2d 271 (1988); *United States v. Johnpoll,* 739 F.2d 702, 709 (2nd Cir.), *cert. denied,* 469 U.S. 1075, 105 S.Ct. 571, 83 L.Ed.2d 511 (1984).

Regarding materiality, as the government previously conceded, an affidavit is not a requirement to satisfy the defendant's burden. *See* DE #208 at 9. The weight that the jury will give to Ms. Jensen's testimony will certainly be different that the weight given to Janet Knox and Betty Long. These two government witnesses were not brought to court by the government to aid in the defense of Mr. Carter. What they said on direct examination will be cited by the government in their attempt to convict the defendant.

The government's reliance therefore on *United States v. Straker*, 567 F. Supp. 2d 174, 181 (D. D.C. 2008) is therefore misplaced. In *Straker* the court found that the proposed witnesses would testify about the general conditions of a bar was not material in a hostage taking conspiracy case where meetings were held. In the instant case, Ms. Jensen would not only testify as the condition of the Morning Star Center but as to the residents and the conditions where they resided which are certainly material to this case.

In addition, the government informed this court that they do not dispute that "Jensen did not witness the Defendant engage in illicit sexual conduct with the Morning Star residents and is willing to stipulate to that fact" (DE #228-6) yet will not allow her to testify which lends itself to a contradictory result. The government

even alleges that their case against the defendant is solely based on circumstantial evidence and testimony of minors. The defendant is entitled to present the evidence of a law enforcement witness to contradict these allegations and her deposition should be permitted,

Once again, Rule 15 was designed to facilitate the preservation of testimony which may be needed to guarantee the deposing party a fair trial and the defendant requests nothing less.

WHEREFORE, the Defendant MATTHEW ANDREW CARTER respectfully requests that this court grant the instant motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 22nd day of February 2013.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Co-counsel for Defendant CARTER
Suite #1910 - Two Datran Center
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (305) 670-1915
Fax.: (305) 670-1901
E-Mail: *HorowitzDefense@aol.com*


  ***/s/ Philip R. Horowitz, Esquire***
By: PHILIP R. HOROWITZ, ESQ.
Florida Bar No.: 466557


LAW OFFICES OF ADELSTEIN & MATTERS, P.A.
Court Appointed Attorney for Defendant CARTER
2929 S.W. 3rd Avenue
Suite #410
Miami, Florida 33129
Tel.: (305) 358-9222
Fax. : (305) 285-9110
E-Mail: Adelsteinslaw@aol.com


***/s/ Stuart Adelstein, Esquire***
By: STUART ADELSTEIN, ESQUIRE
Florida Bar No.: 234540