**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  11-20350-CR-LENARD(s)(s)**

**UNITED STATES OF AMERICA**

**v.**

**MATTHEW ANDREW CARTER,**
**a/k/a "William Charles Harcourt,"**
**a/k/a "Bill Carter,"**

**Defendant.**
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.  After I've completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

Did the witness appear to understand the questions clearly and answer them directly?

 Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify.  But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

You've been permitted to take notes during the trial.  Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

During the trial, you heard evidence of acts done by the Defendant on other occasions that may be similar to acts the Defendant is currently charged with. You may consider this evidence for any matter to which it is relevant including the Defendant's disposition or propensity to commit the offenses that are charged in the indictment.

It is entirely up to the jury to determine what weight, if any, such similar acts evidence deserves. In reaching your conclusion, you may consider all of the surrounding facts and circumstances of such testimony and give it such weight as you think it is entitled to receive in light of your experience and knowledge of human affairs.

However, you are cautioned that the Defendant is not on trial here for any acts or crimes not alleged in the indictment. The Defendant may not be convicted of the crimes charged in the indictment if you were to find only that he committed other crimes at some other time. You are reminded that, at all times, the Government bears the burden of proving beyond a reasonable doubt that the Defendant committed the offenses charged in the indictment.

The indictment charges the Defendant Matthew Andrew Carter, a/k/a "William Charles Harcourt," a/k/a "Bill Carter," with six separate crimes, called "counts." Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count 1 charges the Defendant, a United States citizen, with traveling in foreign commerce from the United States to Haiti for the purpose of engaging in any sexual act with a person under 18 years of age.

Counts 2 through 5 charge the Defendant, a United States citizen, with traveling in foreign commerce from the United States to Haiti for the purpose of engaging in any illicit sexual conduct with another person under 18 years of age.

Count 6 charges the Defendant, a United States citizen, with *attempting* to travel in foreign commerce from the United States to Haiti for the purpose of engaging in any illicit sexual conduct with another person under 18 years of age.

## COUNT 1

It's a Federal crime for a United States citizen to knowingly travel in foreign commerce for the purpose of engaging in a sexual act with a person under 18 years of age.

The Defendant can be found guilty of Count 1 only if all the following facts are proved beyond a reasonable doubt:

(1)     the Defendant is a United States citizen;

(2)     the Defendant traveled in foreign commerce;

and

(3)     the Defendant traveled for the purpose of:

> engaging in a sexual act with a person who is under 16 years of age and is at least four years younger than the Defendant; or
>
> causing a person under 18 years of age to engage in a sexual act by threatening or placing that person in fear; or
>
> causing a person under 18 years of age to engage in a sexual act by using force against that person.

The term "sexual act" means:

> contact between the penis and the vulva, or the penis and the anus, involving penetration however slight; or

contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

the penetration – however slight – of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person; or

an intentional touching – not through the clothing – of the genitalia of a person younger than 16 years old, with the intent to abuse humiliate, harass, or degrade the person, or arouse or gratify the sexual desire of the Defendant or any other person.

A person born in the United States is a United States citizen at birth. A United States passport issued by the Secretary of State to a citizen of the United States is proof of United States citizenship for the period during which the passport is valid.

To "travel in foreign commerce" means that the Defendant moved from a place within the United States to a place outside the United States.

The Government does not have to prove that the Defendant actually engaged in a sexual act with a person under 18 years of age, but must prove that he traveled with the intent to engage in such conduct. Proof of the Defendant's intent may be established by either direct or circumstantial evidence.

The Government does not have to show that the Defendant's only purpose in traveling in foreign commerce was to engage in a sexual act with a person under 18 years of age, but the Government must show that it was one of the motives or purposes for the travel.   In other words, the Government must show that the Defendant's criminal purpose was not merely incidental to the travel.

The Government does not have to show that the sexual act is illegal in the country to which the Defendant traveled.

## COUNTS 2 through 5

It's a Federal crime for a United States citizen to knowingly travel in foreign commerce for the purpose of engaging in illicit sexual conduct.

The Defendant can be found guilty of Counts 2 through 5 only if all the following facts are proved beyond a reasonable doubt as to each count:

(1)   the Defendant is a United States citizen;

(2)   the Defendant traveled in foreign commerce;

and

(3)   the Defendant traveled for the purpose of engaging in illicit sexual conduct.

For purposes of this offense, the term "illicit sexual conduct" means:

a sexual act with a person who is under 16 years of age and is at least four years younger than the Defendant; or

causing a person under 18 years of age to engage in a sexual act by threatening or placing that person in fear; or

causing a person under 18 years of age to engage in a sexual act by using force against that person; or

a commercial sex act with a person under 18 years of age.

The term "sexual act" means:

contact between the penis and the vulva, or the penis and the anus, involving penetration however slight; or

contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

the penetration – however slight – of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person; or

an intentional touching – not through the clothing – of the genitalia of a person younger than 16 years old, with the intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person.

"Commercial sex act" means any sex act, for which anything of value is given to or received by any person.

A person born in the United States is a United States citizen at birth. A United States passport issued by the Secretary of State to a citizen of the United States is proof of United States citizenship for the period during which the passport is valid.

To "travel in foreign commerce" means that the Defendant moved from a place within the United States to a place outside the United States.

The Government does not have to prove that the Defendant actually engaged in illicit sexual conduct, but must prove that he traveled with the intent to engage in such conduct.  Proof of theDefendant's intent may be established by either direct or circumstantial evidence.

The Government does not have to show that the Defendant's only purpose in traveling in foreign commerce was to engage in illicit sexual conduct, but the Government must show that it was one of the motives or purposes for the travel. In other words, the Government must show that the Defendant's criminal purpose was not merely incidental to the travel.

The Government does not have to show that the illicit sexual conduct is illegal in the country to which the Defendant traveled.

## COUNT 6

In some cases, it's a crime to attempt to commit an offense – even if the attempt fails. In this case the Defendant is charged in Count 6 with *attempting* to travel in foreign commerce for the purpose of engaging in any illicit sexual conduct with another person under 18 years of age.

As I instructed you above for Counts 2 through 5, the Defendant can be found guilty of traveling in foreign commerce for the purpose of engaging in any illicit sexual conduct only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant is a United States citizen;

(2)    the Defendant traveled in foreign commerce;

and

(3)    the Defendant traveled for the purpose of engaging in illicit sexual conduct.

The Defendant can be found guilty of an *attempt* to commit that offense only if both of the following facts are proved beyond a reasonable doubt:

(1)    the Defendant knowingly intended to commit the crime of traveling in foreign commerce for the purpose of engaging in illicit sexual conduct;

and

16

(2)    the Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing of an offense – not just an inconsequential act.  It must be more than simply preparing. It must be an act that would normally result in committing the offense.

You'll see that the indictment charges that a crime was committed "on or about" a certain date.   The Government doesn't have to prove that the offense occurred on an exact date.   The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

Each count of the indictment charges a separate crime.  You must consider each crime and the evidence relating to it separately.  If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial *only* for the specific crimes charged in the indictment.  You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty.  If you find the Defendant is guilty, the punishment is for the Judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time please write down your message or question and give it to the marshal.  The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.