UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                      CASE NO.: 11-20350-CR-LENARD(s)(s)

MATTHEW ANDREW CARTER,

    Defendant.
_____/

## MOTION FOR JUDGMENT OF ACQUITTAL

    COMES NOW the Defendant MATTHEW ANDREW CARTER by and through his undersigned counsel and moves this Court pursuant to Rules 29(c) of the Federal Rules of Criminal Procedure makes and renews his motion for Judgment of Acquittal and as grounds therefore state as follows:

    1. That during the trial of the above styled matter, the Defendant made a timely motion for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure at the close of the government's case in chief on the grounds that one or more of the offenses charged had insufficient evidence produced at trial (when viewed in the light most favorable to the government) to sustain a conviction for each of the two offenses charged against the Defendant.

    2. At that time, this Court specifically denied the Rule 29(a) motion as to the Defendant.

    3. That at the close of the entire case, the Defendant once again renewed the Rule 29 motion. The Court continued its position and denied the motion as to this Defendant.

4. That on Thursday, February 28, 2013 this Defendant was convicted by a jury of Counts I though 6 of the second superseding indictment. (DE #71) The jury found the defendant MATTHEW CARTER guilty of six counts of traveling (Counts 1 through 5) and attempting to travel (Count 6) in foreign commerce from the United States to Haiti for the purpose of engaging in illicit sexual conduct with minors, in violation of 18 U.S.C. § 2423(b), on or about October 2, 2001 (Count 1), October 30, 2003 (Count 2), November 27, 2004 (Count 3), February 27, 2006 (Count 4), September 15, 2009 (Count 5), and May 8, 2011 (Count 6). (DE #246)

5. That pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, the Defendant is permitted to renew his motion for judgment of acquittal within seven (7) days of an adverse verdict. This court permitted all post trial motions to be filed by the close of business on Monday, March 25, 2013.

6. That the evidence presented by the government during the trial of MATTHEW CARTER was such that it was insufficient to sustain the convictions when the evidence is viewed in the light most favorable to the government.

7. That the evidence elicited at trial was such that a reasonable trier of fact could not find that the evidence established guilt beyond a reasonable doubt as to MATTHEW CARTER.

### *MEMORANDUM OF LAW*

Whether the record contains sufficient evidence to support a guilty verdict, the evidence is viewed in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469 (1942), *United States v. Waymer*, 55 F.3d

564, 570 (11th Cir. 1995), *United States v. Harris*, 20 F.3d 445, 452 (11th Cir. 1994)

The verdict must stand if there is substantial evidence to support it that is "unless no trier of fact could have found guilt beyond a reasonable doubt." *United States v. Battle*, 892 F.2d 992, 998 (11th Cir. 1990)

If, however, the record reveals a lack of substantial evidence from which a fact finder could find guilt beyond a reasonable doubt, the Defendant's conviction must be reversed. *United States v. Kelly*, 888 F.2d 732, 740 (11th Cir. 1990)

It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt . . . (as a) jury is free to choose among reasonable constructions of the evidence. *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982)(en banc) aff'd on other grounds 462 U.S. 356, 103 S.Ct. 2398 (11th Cir. 1990).

A conviction should be reversed on the grounds of insufficient evidence only if no reasonable trier of fact could find proof beyond a reasonable doubt. *United States v. Thomas*, 8 F.3d 1552, 1556 (11th Cir. 1993), *United States v. Ramsdale*, 61 F.3d 825, 828 (11th Cir. 1995).

This Circuit has clearly held that "where the government's case is circumstantial, as it is here, reasonable inferences, not mere speculation, must support the (a) verdict." *United States vs. Perez-Tosta*, 36 F.3d 1152, 1557 (11th Cir. 1994).

When all reasonable inferences are drawn, the government's case must crumble under the aforementioned standard.

Unlike the other counts in the indictment, Count 1 requires the additional element the sexual act occur in the special maritime and territorial jurisdiction of the United States. This portion of Count 1 was never proven to the jury and the count should therefore have a directed verdict of not guilty.

Once again, the attention of this court should be directed at 18 U.S.C. §7. That is the section of the United States Code where special maritime and territorial jurisdiction is defined. Based on that definition, the conduct, assuming all facts to be true in -- the evidence in the light most favorable to the Government --they have not proved as to Count 1 that any of the sexual acts occurred in the special maritime and territorial jurisdiction of the United States.

Recently, the Ninth Circuit in *United States v. Zepeda*. 2013 WL 216412 (9th Cir. January 18, 2013) stated that "at trial, the Court decides the jurisdictional status of the place where the alleged crime occurred and leaves to the jury the factual determination of whether the alleged crime occurred at the site."

In this case, the site would be -- have to be within the special maritime and territorial jurisdiction of the United States, which the Government has not proven as it pertains to the time frame in Count 1.

For the defendant to have been found guilty under 18 U.S.C. § 2423(b), the Government was required to prove that: (1) the defendant traveled in interstate commerce; (2) his purpose was to engage in illicit sexual activity with a minor (person less than 18 years of age); and (3) the intended sexual act would have been in violation of federal law had it been committed.  See also *United States v. Wise*, 278 F. App'x 552, 558 (6th Cir. 2008)

The defendant was convicted for various violations (and one attempt of violation) of 18 U.S.C. § 2423(b) which conviction turns simply on the illegal purpose for which Matthew Carter traveled. *See United States v. Vang,* 128 F.3d 1065, 1069 (7th Cir.1997) (noting that 2423(b) "punishes mere 'travel' in interstate commerce—even if no transportation of a minor was involved" if the requisite intent is found. By its unambiguous terms, §2423(b) criminalizes interstate (or foreign) travel for an illicit purpose. The actual age of the intended victim is not an element of the offense; criminal liability "turns simply on the purpose for which [the defendant] traveled." *United States v. Tykarsky*, 446 F.3d 458, 469 (3rd Cir. 2006)

The courts have had trouble dealing with cases in which the travel prosecuted under section 2423(b) may have had dual purposes, only one of which was to have sex with minors. The statute says "the" purpose must be sex rather than "a" purpose, but in *United States v. Vang,* 128 F.3d 1065, 1068 (7th Cir.1997), the Seventh Circuit approved a jury instruction which said that sex didn't have to be "the sole purpose" of the travel, though it did have to be "a dominant purpose, as opposed to an incidental one. A person may have more than one dominant purpose for traveling across a state line." To speak of multiple dominant purposes is not idiomatic, but given the evidence in *Vang* the precise wording of the instruction hardly mattered. Other cases, too, fasten on "dominant," but then define it down to mean "significant," "efficient and compelling," "predominating]," "motivating," not "incidental," or not "an incident" to the defendant's purpose in traveling. *United States v. McGuire*, 627 F.3d 622, 624-25 (7th Cir. 2010)

The purpose that was proven by the government was that the travel was to

maintain and operate the group home. The lack of physical evidence introduced during the trial regarding the purported sexual acts committed by the defendant help to establish that the dominant purpose of the travel was not as alleged.

WHEREFORE, the defendant MATTHEW CARTER respectfully requests that this Court enter an order granting his motion and entering a judgment of acquittal as to Counts 1-6 of the second superseding indictment.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 25th day of March 2013.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Co-counsel for Defendant CARTER
Suite #1910 - Two Datran Center
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (305) 670-1915
Fax.: (305) 670-1901
E-Mail: *HorowitzDefense@aol.com*


   */s/ Philip R. Horowitz, Esquire*
By: PHILIP R. HOROWITZ, ESQ.
Florida Bar No.: 466557



LAW OFFICES OF ADELSTEIN & MATTERS, P.A.
Court Appointed Attorney for the Defendant
2929 S.W. 3rd Avenue
Suite #410
Miami, Florida 33129
Tel.: (305) 358-9222
Fax. : (305) 285-9110
E-Mail: *Adelsteinslaw@aol.com*


*/s/ Stuart Adelstein, Esquire*
By: STUART ADELSTEIN, ESQUIRE
Florida Bar No.: 234540