UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                     CASE NO.: 11-20350-CR-LENARD(s)(s)

MATTHEW ANDREW CARTER,

     Defendant.

_____/

## MOTION FOR A NEW TRIAL

COMES NOW the Defendant MATTHEW CARTER by and through his undersigned counsel and moves this Court  for the entry of an order granting him a new trial as to Counts 1 through and including Count 6 of the second superseding indictment and as grounds therefore states as follows:

1.  That this motion is made pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

2.  On February 28, 2013, a jury sitting in Miami, Florida returned a verdict after nearly five weeks of trial and almost two (2) hours of deliberations in which the above-named defendant was found guilty of Counts 1 through Count 6 of the second superseding indictment as charged.

3.  After the verdict, an unopposed extension of time of time was requested to file post trial motions.  Normally, pursuant to Fed. R. Crim. P. 33(b)(2), a motion for a new trial must be filed within fourteen (14) days of the adverse verdict.  This court permitted all post trial motion to be filed by the close of business on Monday, March 25, 2013 after granting an unopposed *ore tenus* motion by counsel.

4.   That in summation, the Defendant was convicted by a jury of Counts I though 6 of the second superseding indictment.   (DE #71)   The jury found the defendant MATTHEW CARTER guilty of six counts of traveling (Counts 1 through 5) and attempting to travel (Count 6) in foreign commerce from the United States to Haiti for the purpose of engaging in illicit sexual conduct with minors, in violation of 18 U.S.C. § 2423(b), on or about October 2, 2001 (Count 1), October 30, 2003 (Count 2), November 27, 2004 (Count 3), February 27, 2006 (Count 4), September 15, 2009 (Count 5), and May 8, 2011 (Count 6).   (DE #246)

5.   The defendant would move for a new trial based on the following:

a) Admission of evidence pursuant to Fed. R. Evid. 413, 414 as it pertains to some of the victims in this case;

b) Failure to allow cross examination of victim S.T. as to their prior voluntary use of intoxicants;

c) Failure to exclude evidence admitted pursuant to Fed. R. Evid. 404(b);

d)  Admission of prior consistent statements during redirect examination pursuant to Fed. R. Evid. 801(d)(1)(B) which were offered (and admitted by the court) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying;

e) Failure to allow the Rule 15 depositions of defense witnesses:

    i) Tony Lalane

    ii) Enise Defen

    iii) Marie Seme

    iv) Pastor Alan Randall

v) Off. Kate Jensen, Copenhagen Police Dept.[1]

f) Denial of the motion to continue the trial due to the issuance of the State Department travel warning;

g) Admission of GX-105 - State Department cable in the government's rebuttal case;

h) denial of defendant's various motions for mistrial;

i) failure to include and define "special maritime and territorial jurisdiction" within the jury instructions as to Count 1 as an element of the offense;

j) cumulative effect of all of the above which requires the granting of a new trial.

## *Memorandum of Law*

The first nine of the grounds for a new trial were extensively argued either orally or in writing prior to or during the course of the trial.  This court has ruled either orally or in writing as to all but the last of the above issues.  Rather than re-litigating issues that have been already ruled upon by the court, the defendant respectfully renews the first nine grounds in support of this motion for a new trial as if more fully set forth herein.

While each ground established above each merit reversal of the defendant's conviction and the ordering of a new trial, the cumulative effect of these related errors greatly exacerbated the prejudice to the defense**.**

The Eleventh Circuit Court of Appeals has held that the combination of trial

---

[1]The first four witnesses were subject to the first Rule 15 motion while Ms. Jensen was subject to the second Rule 15 motion.

errors and prosecutorial misconduct can deny a defendant a fair trial without requiring that the Court determine whether the individually challenged errors separately require reversal. *United States v. Elkins*, 885 F.2d 775, 787 (11th Cir.1989); *see also United States v. Hands*, 184 F.3d 1322, 1329, 1334 (11th Cir. 1999).

Where, as here, the prejudicial errors built upon each other and continued throughout the trial, this Court must *not* parse the improprieties, and review them individually–under varying standards–but rather must consider for their effect on the defendant's substantial rights. The appellate court will consider the prejudice *cumulatively*, to determine if the *cumulative* effect of the errors denied the defendant a fair trial. *See Hands*, 184 F.3d at 1334 ("We assess not the prosecutorial misconduct alone, but the combined impact of [all] errors on the verdict); *United States v. McLain*, 823 F.2d 1457, 1462 (11th Cir.1987) (even if some errors would not in and of themselves have warranted reversal, reversal is mandated where cumulative effect of errors "denied the defendants a fair trial"); *United States v. Labarbera*, 581 F.2d 107, 110 (5th Cir. 1978) (same).

In assessing whether the combined effect of the errors rendered the trial fundamentally unfair, a central concern is the nature of the government's competent proof of its case as to the individual defendant. *See Davis v. Zant*, 36 F.3d 1538, 1551 (11th Cir. 1994) (reversing convictions where "there was a substantial conflict in the relevant evidence"). In light of the cumulative trial errors and the weakness of the government's evidence, this Court should reverse Mr. Carter's convictions and order a new trial.

WHEREFORE, the defendant MATTHEW CARTER respectfully requests that this court enter an order granting him a new trial in this matter.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 25th day of March 2013.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Co-counsel for Defendant CARTER
Suite #1910 - Two Datran Center
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (305) 670-1915
Fax.: (305) 670-1901
E-Mail: *HorowitzDefense@aol.com*

      ***/s/ Philip R. Horowitz, Esquire***
By: PHILIP R. HOROWITZ, ESQ.
Florida Bar No.: 466557

LAW OFFICES OF ADELSTEIN & MATTERS, P.A.
Court Appointed Attorney for the Defendant
2929 S.W. 3rd Avenue
Suite #410
Miami, Florida 33129
Tel.: (305) 358-9222
Fax. : (305) 285-9110
E-Mail: Adelsteinslaw@aol.com

***/s/ Stuart Adelstein, Esquire***
By: STUART ADELSTEIN, ESQUIRE
Florida Bar No.: 234540