UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                     CASE NO.: 11-20350-CR-LENARD(s)(s)

MATTHEW ANDREW CARTER,

    Defendant.
_____/

## MOTION TO STRIKE VICTIM IMPACT STATEMENTS

COMES NOW the Defendant MATTHEW ANDREW CARTER by and through his undersigned counsel and hereby moves this Court for the entry of an order striking the so-called victim impact statements submitted to the Court and the United States Probation Office and in support thereof states as follows:

1. On February 28, 2013, a jury sitting in Miami, Florida returned a verdict after nearly five weeks of trial and almost two (2) hours of deliberations in which the above-named defendant was found guilty of Counts 1 through Count 6 of the second superseding indictment as charged.

2. The Defendant was convicted by a jury of Counts 1 though 6 of the second superseding indictment. (DE #71) The jury found the defendant MATTHEW CARTER guilty of six counts of traveling (Counts 1 through 5) and attempting to travel (Count 6) in foreign commerce from the United States to Haiti for the purpose of engaging in illicit sexual conduct with minors, in violation of 18 U.S.C. § 2423(b), on or about October 2, 2001 (Count 1), October 30, 2003 (Count 2), November 27, 2004 (Count 3), February 27, 2006 (Count 4), September 15, 2009 (Count 5), and

May 8, 2011 (Count 6).  (DE #246)

    3.  Currently sentencing in this matter is set for *Tuesday, July 30, 2013 at 10:00 a.m..* in Miami. (DE #290)

### *Factual Background*

In anticipation of supporting their request for a statutory maximum sentence to be imposed upon the defendant, shortly after the verdict in this case, the government tasked both its embassy staff in Haiti as well as the agents assigned to this case to secure letters from the purported victims of the defendant.

The list of forty-five letters supplied by the government includes witnesses who testified at trial.  As this court may recall eighteen (18) Haitian victim type witnesses testified during the government's case in chief while the submission of the government contains more than double this amount.  While a review of these letters contains more testimonial statements than impact statements, it is important to note that they were not gathered pursuant to court order, pursuant to the request of the United States Probation Office, nor were they gathered by a victim coordinator with any type of expertise in secure these type of impact statements.

### *Memorandum of Law*

The Crime Victims' Rights Act (CVRA) became effective on October 30, 2004. The CVRA set forth a procedure where victims of federal crimes were given significantly expanded rights in the newly enacted 18 U.S.C. § 3771.  This statute also placed on the federal courts a duty to ensure that victims are afforded those rights. Section 3771 effectively replaced 42 U.S.C. § 10606 ("Victims' Rights"), now repealed by the CVRA, which included a list of victims' rights but did not provide any

means of enforcement.

18 U.S.C. §3771(d)(1) and (d)(2) provide as follows:

**(d) Enforcement and limitations.—**

**(1) Rights.**—The crime victim or the crime victim's lawful representative, and the attorney for the Government may assert the rights described in subsection (a). A person accused of the crime may not obtain any form of relief under this chapter.

**(2) Multiple crime victims.**—In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

In the instant case the government neither sought leave from this court under subsection any type of reasonable procedure to give effect to this chapter and obviously nothing to safeguard the constitutional rights of the defendant.

The procedure that the government followed was done in reckless disregard of the rights of the defendant. To begin with, upon information and belief, all of the victim impact letters were acquired *after* the verdict in this case and from Haiti. Only fifteen of the forty-five letters supplied by the government with the earliest date of those letters being March 28, 2013 (Letter #24 from "J.K.") which was thirty days after the verdict.

Ten of the letters were either addressed to or written to Vicky McCorkel[1] (ph).

---

[1] The letters contained various combinations and permutations of that person's name and a phonetic spelling is being used.

On many occasions she was referred to as the "RSO."  According to the web site http://haiti.usembassy.gov/rso.html the RSO is defined as follows:

> "The Regional Security Office is the advisor to the Ambassador on all security and law enforcement issues affecting relations between the United States and the Republic of Haiti. Regional Security Offices at embassies around the world work on criminal investigations, extraditions, counter-terrorism cases, internal affairs investigations, background investigations, police training, and many other security and law enforcement related matters."

Therefore, these letters were collected under law enforcement powers seeking to further punish the convicted defendant and not to accurately set forth the actual impact to the victims.

A victim has the right to notice of the sentencing hearing and to be reasonably heard sometime during the hearing.  Courts will have to determine when during the hearing to allow a victim to be heard.  Fed. R. Crim. P. 32(i)(4)(B) gives victims of a crime of violence or sexual abuse the right to make statement and present information at sentencing. Court practice under Rule 32(i)(4)(B) may provide a model to follow. Note that a proposed amendment to Rule 32(i)(4)(B), to be effective December 1, 2008, states that the sentencing court "must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard."  The Committee Note to Rule 32(i)(4)(B) adds that "[a]bsent unusual circumstances, any victim who is present should be allowed a reasonable opportunity to speak directly to the judge."  The defendant does not seek to abridge any victim in

this regard.

However, this submission by the government neither comports with the CVRA or the Federal Rules of Criminal Procedure and the United States Constitution. The allowance of oral statements and these written submissions raises Confrontation Clause issues such as whether the defendant has any right to cross-examine a victim who makes an oral statement. Whether the defendant can dispute the contents of any or all of the written statements. Whehter the defendant can challenge any other evidence proffered by a victim? To give a rebuttal? The substance of a victim's statements or other submissions may raise Confrontation Clause issues. The written submission includes 27 victims claimed by the government who did not testify at trial and were not subject to being confronted by the defendant. These written submissions should, at a minimum be excluded from consideration by the court.

Because a victim's rights under the CVRA seem to begin long before an actual guilty plea or conviction after trial, the status of "victim" may be based on allegations rather than proof. This defendant should have the right to challenge whether a person should be considered a victim under section 3771(e). For example a person that became a victim prior to the date of the allegations alleged in Count One, could they be considered a victim? The victim and the government then should be required to supply some modicum of proof that the person in question actually is a victim of the defendant's offense of conviction.

Finally, it is the defendant's position that a purported victim should be treated like a witness and required to take an oath or make an affirmation before being allowed "to be reasonably heard." Not a single letter was written and attested to under

oath. At a minimum, some form of affidavit be required for written submissions. This basic tenet should be certainly followed when they are not subject to vigorous cross examination.

Therefore, in light of the lack of these minimal procedural safeguards and constitutional violation, these alleged victim impact letters should be removed from the court's consideration

WHEREFORE the Defendant MATTHEW ANDREW CARTER respectfully requests that this court enter an order striking the "victim impact statements" from consideration in imposing a reasonable sentence upon the defendant.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 28th day of July 2013.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Co-counsel for Defendant CARTER
Suite #1910 - Two Datran Center
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (305) 670-1915
Fax.: (305) 670-1901
E-Mail: *HorowitzDefense@aol.com*

   */s/ Philip R. Horowitz, Esquire*
By: PHILIP R. HOROWITZ, ESQ.
Florida Bar No.: 466557


LAW OFFICES OF ADELSTEIN & MATTERS, P.A.
Court Appointed Attorney for Defendant CARTER
2929 S.W. 3rd Avenue
Suite #410
Miami, Florida 33129
Tel.: (305) 358-9222
Fax. : (305) 285-9110
E-Mail: Adelsteinslaw@aol.com


*/s/ Stuart Adelstein, Esquire*
By: STUART ADELSTEIN, ESQUIRE
Florida Bar No.: 234540