1

```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA
                          MIAMI DIVISION
                 CASE NO. 11-20350-CRIMINAL-LENARD


UNITED STATES OF AMERICA,          Miami, Florida

            Plaintiff,             February 10, 2012

       vs.                         3:14 p.m. to 3:40 p.m.

MATTHEW ANDREW CARTER,

            Defendant.             Pages 1 to 11
_____


                       STATUS CONFERENCE
           BEFORE THE HONORABLE JOAN A. LENARD,
                 UNITED STATES DISTRICT JUDGE



APPEARANCES:


FOR THE GOVERNMENT:      MARIA K. MEDETIS, ESQ.
                         ASSISTANT UNITED STATES ATTORNEY
                         99 Northeast Fourth Street
                         Miami, Florida 33132


FOR THE DEFENDANT:       STUART ADELSTEIN, ESQ.
                         ADELSTEIN & MATTERS
                         2929 Southwest Third Avenue
                         Suite 410
                         Miami, Florida 33129


REPORTED BY:             LISA EDWARDS, RDR, CRR
                         Official Court Reporter
                         400 North Miami Avenue
                         Twelfth Floor
                         Miami, Florida 33128
                         (305) 523-5499
```

```
 1          THE COURT:  United States of America versus Matthew
 2   Andrew Carter, Case No. 11-20350.
 3          Counsel, state your appearances, please, for the
 4   record.
 5          MS. MEDETIS:  Good afternoon, your Honor.  Maria
 6   Medetis on behalf of the United States.
 7          THE COURT:  Good afternoon.
 8          MR. ADELSTEIN:  And good afternoon, your Honor.  Stuart
 9   Adelstein on behalf of Mr. Carter, who is present.
10          THE COURT:  Good afternoon.
11          You may be seated.
12          We are here in regard to a request for status
13   conference filed by Mr. Adelstein.
14          Yes, sir.
15          MR. ADELSTEIN:  Yes, your Honor.
16          Mr. Carter filed a letter with the Court.  I believe
17   it's Document No. 82.
18          THE COURT:  I saw it.
19          MR. ADELSTEIN:  As a result of that letter, I've
20   requested a status conference on whether or not the Court and
21   Mr. Carter really want me to continue representing him.  The
22   letter speaks for itself.
23          THE COURT:  Well, I want you to continue representing
24   him.
25          MR. ADELSTEIN:  I'm at the Court's pleasure.  I
```

1  filed --
2         THE COURT:  That's why I appointed you.
3         MR. ADELSTEIN:  I filed this upon receiving this
4  letter.  There's a few things I would like to advise the Court
5  outside the presence of the Government, if the Court would
6  allow me.
7         I've talked to the Government concerning that request.
8  I don't think they have an objection.
9         THE COURT:  Any objection?
10        MS. MEDETIS:  None, your Honor.
11        THE COURT:  Why don't you step out for a moment.
12        MS. MEDETIS:  Certainly.
13      (Thereupon, Ms. Medetis retired from the courtroom and
14    the following proceedings were had:)
15        THE COURT:  Thank you.
16        MR. ADELSTEIN:  I've explained to Mr. Carter that I
17 understand he's been in custody for about eight, nine months.
18 But I've just been appointed on the case.  I met with his
19 previous counsel, who did in fact give both myself and my
20 investigator, who's in the courtroom, four boxes of materials
21 that -- the discovery is approximately, according to the Bates
22 stamp numbers, over 5,800 pages of documents, two notebooks,
23 floppy discs, two memory sticks, and that I would do my best to
24 be ready in the July setting.
25        I also was advised by previous counsel that they were

1   in the process of taking a trip to Haiti to interview potential
2   witnesses that obviously they canceled.  And I may have to take
3   that trip.  But obviously, I'm not up to par to be ready for
4   that trip.
5          I was also explained by the Public Defender's Office
6   that they were probably going to be filing in the very near
7   future another motion for a continuance based upon the extent
8   of their investigation concerning potential witnesses not only
9   in Haiti, but I've been advised by them potentially in England
10  and in France.  I don't know, because I am still starting to
11  organize the file.  So I really don't know.
12         Mr. Carter, as indicated in his letter, has requested
13  and demanded grand jury testimony.  I've explained to him the
14  law concerning the grand jury testimony.
15         Mr. Carter apparently from his letter does not believe
16  that is the law.  Mr. Carter has advised me that he wishes to
17  go to trial immediately.  And I've told him that in 30-plus
18  years of doing this, I'm not walking into a courtroom until I'm
19  prepared unless the judge specifically orders me to be here.
20         I don't know -- I know very little about the case,
21  other than the allegations.
22         We've met with -- when I say "we," both myself and my
23  investigator, because of the amount of time and work involved,
24  have met with him so far in less than two weeks three times.  I
25  don't know what else Mr. Carter really wants.  I did in fact

```
 1   tell him that if he was unhappy with my legal advice or
 2   explaining the law to him, that he does in fact have an
 3   absolute right to represent himself.
 4          So that portion of his letter is correct.  He seems to
 5   want to dictate and tell the lawyers what the law is and how to
 6   proceed.  And I've told him that that's not how I really
 7   operate, but if he wants to do it that way, he has the absolute
 8   right to sit in that first chair and be his own counsel.
 9          I don't know what Mr. Carter expects or wants at this
10   point.  So since it's early on in the appointment and since
11   I've only been appointed for less than two weeks, I brought it
12   to the Court's attention.
13          So I'm here at the Court's pleasure.
14          THE COURT:  Mr. Carter, do you want to be heard?
15          THE DEFENDANT:  I'm sorry?
16          THE COURT:  Do you want to be heard?  Is there anything
17   you want to say?
18          THE DEFENDANT:  I have nothing to say, your Honor.  You
19   have my letter for your consideration.  That's already been
20   sent.
21          THE COURT:  Well, let me say a few things to you,
22   Mr. Adelstein.
23          When this matter first came up with Mr. Carter and his
24   prior counsel, we had an *ex parte* hearing, like we're having
25   now.  He explained to me his frustration with his counsel, that
```

```
 1   he felt that they were not working for him and representing him
 2   well.
 3           And I explained to him that in this particular case, I
 4   had some knowledge of what was going on with the representation
 5   they were giving him because it was the Public Defender's
 6   Office and they had to request certain things of me regarding
 7   their investigation, much of which revolved around the fact
 8   that they were working very hard to make sure that they were
 9   protecting the development of the defense case in the unusual
10   circumstance of traveling to foreign countries and getting
11   permission to travel to foreign countries and not having
12   various agencies of the executive branch disclose to the US
13   Attorney's Office what they were doing, where they were going
14   and who they were meeting with.
15           So I had some knowledge of just how hard they were
16   working to prepare the case.
17           And I told Mr. Carter at that time that they were two
18   fine lawyers, that the Public Defender's Office is an excellent
19   office, and that in my estimation they were doing a very fine
20   job preparing his defense and working very hard to do that.
21           After that hearing, I determined basically upon the
22   request by Mr. Carter of there being a conflict of interest
23   that arose because of the -- or a potential conflict of
24   interest that could arise because of his unhappiness with them,
25   that I would appoint someone else.
```

1    And I actually explained to Mr. Carter that in my
2  estimation that whoever came in was going to have to start from
3  point zero, that they would not be starting at the point of
4  just taking off.  Any lawyer that would be appointed by the
5  Court would not be able to start at the point that the public
6  defender left, that they were going to have to familiarize
7  themselves with the case, that that was going to take some
8  time, and that I understood that he very much was concerned
9  about the amount of time that he was in jail, but this
10 circumstance was going to complicate that matter.
11   And I determined that you were the appropriate person
12 to appoint in this matter, having handled several very complex
13 matters before me involving defendants, and that you would
14 be -- you were a fine trial lawyer and would be the appropriate
15 lawyer to best represent Mr. Carter in replacement of the
16 Public Defender's Office.
17   And I still feel that way.
18   At this point, Mr. Carter, you don't determine or have
19 the ability to fire or not fire your lawyers.  I make that
20 determination.  You only can make that determination if you're
21 paying for your counsel.
22   As Mr. Adelstein indicated, there are other
23 determinations that you can make.  But I am very confident that
24 Mr. Adelstein is a very knowledgeable lawyer in criminal law
25 and in representing a criminal defendant in a large-scale,

1  complex case such as this, and that I made the right choice in
2  replacing the public defender with Mr. Adelstein.
3         He's very well aware of the law regarding grand jury
4  testimony and speedy trial, examination of witnesses,
5  investigation of cases and dealing with complex, difficult
6  factual situations such as this particular case.
7         And this case is compounded by the potential witnesses.
8  And that's a decision that the defense has to make as to what
9  witnesses they wish to investigate, what witnesses they wish to
10 call.  But it is complicated by the fact of foreign travel.
11        I know that the Government very much wants to keep that
12 July date, because they have their own interests.  And I don't
13 want to go into considering any kind of potential motion for a
14 continuance.
15        But I really believe and determine at this point that
16 Mr. Adelstein is the appropriate lawyer to represent Matthew
17 Carter.  Obviously, I don't except you within in a few weeks'
18 time to have mastered the case and be able to make the
19 decisions as I believe you'll make as the case develops.  I
20 think meeting with Mr. Carter -- you said three times within
21 the last two weeks?
22        MR. ADELSTEIN:  Yes.
23        THE COURT:  And I'm sure you have a busy trial
24 schedule.  In fact, I know you were involved in another big
25 case, because you were --

```
 1              MR. ADELSTEIN:  Yes.  The potential death penalty case.
 2              THE COURT:  Yes.  Before Judge Cohn?  Who was that
 3    before?  Judge Zloch?
 4              MR. ADELSTEIN:  That's in front of Judge Zloch.
 5              THE COURT:  Judge Zloch.
 6         And yet you met with Mr. Carter several times already.
 7    So I commend you for that.  I know you're working very hard on
 8    other matters as well.
 9         Mr. Carter, I think you've got to make some
10    determinations of, while you certainly have great input into
11    your case, you also have to rely on your legal counsel for both
12    knowledge of the law and for assisting in the preparation of
13    your defense.  And Mr. Adelstein is a fine lawyer.  I don't see
14    any basis to replace him at this point.
15              THE DEFENDANT:  If I may, your Honor.
16         I'm not asking for him to be dismissed.  I would
17    dispute the fact that he says he's met with me three times.
18    One was for one minute at the magistrate's hearing when I
19    received a superseding indictment.  The other time was when I
20    initially met him, and he was not able to discuss the case
21    because he had seen nothing on it.  He had just received that
22    appointment.  The third time was four or five minutes before
23    this hearing.  We have not sat and discussed a lot.
24         I am not asking -- you know, not petitioning the Court
25    to, you know, dismiss Mr. Adelstein.  I'm not saying that.
```

1	THE COURT: Okay. Good.
2	THE DEFENDANT: But I do stand by the fact that I am
3	entitled to a speedy trial, I am entitled to minutes from the
4	grand jury meetings, and I stand firmly on that.
5	THE COURT: Well, as far as the request for speedy
6	trial and entitlement to testimony from the grand jury, those
7	requests would be considered by the Court if they were made by
8	your counsel. He is your counsel. He makes the filings before
9	the Court, moves for matters before the Court. And that's who
10	I would respond to at this time, sir, since you're represented
11	by counsel.
12	So you can discuss it with him, and he'll make the
13	determinations of what he feels under the law you're entitled
14	to and present it to me. But we're not going to have you
15	making requests of me. Those have to come through your
16	counsel.
17	So let's bring the Government back in, please.
18	  (Thereupon, Ms. Medetis entered the courtroom and the
19	    following proceedings were had:)
20	THE COURT: The Government has now reentered the room.
21	I think we're set. I don't think we have anything else
22	to discuss at this juncture. Mr. Adelstein is continuing in
23	his representation of Mr. Carter.
24	I appreciate your coming for this hearing. And I want
25	to thank Mr. Adelstein for taking the appointment under the CJA

```
 1   Act and being of service to the Court.  And I expect that I'm
 2   sure the parties will have submissions for me at some point.
 3           Thank you.  Have a nice weekend.
 4           MS. MEDETIS:  Thank you, your Honor.
 5           (Proceedings concluded.)
 6
                           C E R T I F I C A T E
 7
 8            I hereby certify that the foregoing is an
 9   accurate transcription of the proceedings in the
10   above-entitled matter.
11
12
     _____            /s/Lisa Edwards
13      DATE                 LISA EDWARDS, RDR, CRR
                             Official United States Court Reporter
14                           400 North Miami Avenue, Twelfth Floor
                             Miami, Florida 33128
15                           (305) 523-5499
```